OPINION OF THE COURT
Joseph J. Maltese, J.
The defense motion to dismiss the charge of driving while ability impaired by alcohol (Vehicle and Traffic Law § 1192 [1]), a traffic infraction, pursuant to the speedy trial provisions of CPL 30.30 is denied. While CPL 30.30 and 30.20 do not apply to traffic infractions there is a constitutional right to a speedy trial which has not yet been violated.
FACTS
It is undisputed that 52 days between the defendant’s arraignment on August 27, 1995 and the People being "ready for trial” on October 18, 1995 are chargeable to the People. The defendant argues that the case should be dismissed as more than 30 days have passed since the defendant’s arraignment, the time allowed to be "ready for trial” on a violation.
1. Statutory Speedy Trial
CPL 30.30 establishes that where the defendant is not in custody, the People must be "ready for trial” within 90 days if the highest crime charged is a class A or unclassified misdemeanor which is punishable by a term of imprisonment of more than three months (CPL 30.30 [1] [b]); or within 60 days if the highest crime charged is a class B misdemeanor which is punishable by a term of imprisonment of less than three months (CPL 30.30 [1] [c]); or within 30 days if the "offense * * * is a violation” (CPL 30.30 [1] [d]).
However, the statute is noticeably silent on the issue of whether a person charged with a traffic infraction has statutory "speedy trial” rights.
The Appellate Term, Second Department, has twice held that CPL 30.30 is not applicable to traffic infractions (People v *852 Albright, NYLJ, Dec. 6, 1991, at 30, col 4 [9th and 10th Jud Dists]; People v Brown, NYLJ, Apr. 18, 1984, at 12, col 5).
Trial courts are divided on this issue. Most trial courts have held that CPL 30.30 was inapplicable in matters concerning traffic infractions, as CPL 30.30 only applies to felonies, misdemeanors and violations[1] (People v Michalek, 138 Misc 2d 1 [Crim Ct, NY County 1988]; People v Solomon, 124 Misc 2d 33 [Nassau Dist Ct 1984]; People v Howell, 158 Misc 2d 653 [Crim Ct, Kings County 1993]; People v Salmeron, NYLJ, May 18, 1988, at 15, col 6 [Crim Ct, Kings County]; People v Blake, 154 Misc 2d 660 [Crim Ct, Kings County 1992].)[2]
However, a contrary view was postured by Judge McKinney of the Syracuse City Court in People v Pregent (142 Misc 2d 344 [1988]). There the Judge held that CPL 30.30 applied to traffic infractions since Vehicle and Traffic Law § 155 stated that traffic infractions "shall be deemed misdemeanors and all provisions of law relating to misdemeanors * * * except as herein otherwise expressly provided shall apply except that no jury trial shall be allowed for traffic infractions”.[3] Therefore, the court concluded, the prosecution had 60 days, the period for class B misdemeanors, in which to be "ready for trial.”
*853 Nowhere does Vehicle and Traffic Law § 155 state that traffic infractions are to be handled like class B misdemeanors. Similarly, the speedy trial statute only applies to unclassified misdemeanors if the defendant faces a term of imprisonment greater than three months. As Judge Stahl stated in People v Fiacco (146 Misc 2d 330, 331 [Albany City Ct 1989]), "[n]o matter how tortured the reasoning, a violation of section 1192 (1) of the Vehicle and Traffic Law is not a misdemeanor”.
Section 1193 (1) of the Vehicle and Traffic Law clearly states that a violation of driving while ability impaired by alcohol (Vehicle and Traffic Law § 1192 [1]) "shall be a traffic infraction and shall be punishable by a fine of not less than [$300] nor more than [$500]” and/or up to 15 days in jail.
"The Penal Law makes it clear that a traffic infraction is not a 'violation’ * * * it is instead a sui generous non criminal offense” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 30.30, at 169 [emphasis added]). A "violation” means "an offense, other than a 'traffic infraction’, for which a sentence to a term of imprisonment in excess of fifteen days cannot be imposed” (Penal Law § 10.00 [3]). Accordingly, a traffic infraction cannot conveniently be treated as a violation for procedural or speedy trial reasons as the Legislature has expressly excluded a traffic infraction from the definition of a violation.
The Criminal Procedure Law sets a one-year Statute of Limitations to commence an action on all "petty offenses” (CPL 30.10 [2] [d]). A "petty offense” is a "violation or a traffic infraction” (CPL 1.20 [39] [emphasis added]). However, the words "petty offense” are not included in CPL 30.30. The Legislature provided that only "[f]or the purposes of arrest without a warrant * * * a traffic infraction shall be deemed an offense”[4] (Vehicle and Traffic Law § 155 [emphasis added]).
The first court which addressed the issue of whether CPL 30.30 applied to traffic infractions held that the speedy trial statute did not apply to traffic infractions (People v Zagorsky, 73 Misc 2d 420, 423 [Broome County Ct 1973]). The court reasoned that the 30-day time period of CPL 30.30 (1) (d) is only applicable when the "defendant is accused of one or more *854 offenses, at least one of which is a violation”. (Emphasis added.) This phrase: "leads by implication to the conclusion that there are some offenses which do not amount to violations. [Therefore], since traffic infractions are the only 'offenses’ lower on the scale set forth in the Penal Law than violations, it is apparent that the above phrase is rendered meaningless by a holding that the term 'violation’ * * * includes traffic infractions” (supra, at 423).
2. The "Traditional” Speedy Trial Right
However, the courts in Zagorsky and Fiacco (supra) held that the defendant was still entitled to avail himself of the "traditional speedy trial remedy” found in CPL 30.20 which states that "after a criminal action is commenced, the defendant is entitled to a speedy trial”. (Emphasis added.)
The Court of Appeals established five factors to decide whether a speedy trial under CPL 30.20 exists. They are: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason and delay (People v Taranovich, 37 NY2d 442, 445 [1975]).
Since violations and traffic infractions are not crimes (Penal Law § 10.00 [6]), the issue herein is whether a person charged with an offense other than a crime, to wit, a violation or a traffic infraction, is entitled to the rights attached to criminal trials.
Judge Fleischman in People v Attie (131 Misc 2d 921 [Long Beach City Ct 1986]) dismissed charges of passing through a stop sign and unsafe passing of another motor vehicle, both traffic infractions after a 10-month delay in their prosecution. The Judge stated (at 922-923) that "[w]hile this traffic offense is not a crime by definition under New York State law, its prosecution is in the nature of a criminal prosecution in that one aspect of the sentence authorized is a jail term of up to 15 days”. (Emphasis added.) Therefore, although the court agreed that CPL 30.30 did not apply, it agreed with the Zagorsky decision (supra) and dismissed the case pursuant to CPL 30.20.
While this court agrees with Judge Fleischman in Attie (supra, at 923), who asserted that "the defendant should not be subject to having such charges against him languish without times end until the recollection of events has dulled to the point where he can no longer defend himself’, it does not *855 believe that the rights given to a defendant under CPL 30.20 apply to a defendant charged with a traffic infraction.
The CPL provides that a criminal action commences by the filing of an accusatory instrument against the defendant in a criminal court (CPL 1.20 [16], [17]). Additionally, the General Construction Law defines a "criminal action” as one which "is prosecuted in the name of the people of the state of New York, as plaintiffs, against a party charged with o crime” (General Construction Law § 18-a [emphasis added]). However, as the defendant is not charged with a crime,[5] a criminal action has not taken place. Therefore, the defendant may not avail himself of the speedy trial rule contained in CPL 30.20.
While some of the foregoing trial courts have conveniently reasoned a statutorily based interpretation of speedy trial rights, this court does not hold that there is a statutory speedy trial right for traffic infractions. Perhaps the State Legislature ought review this omission in the statute. However, there is a constitutional right to a speedy trial.
3. Constitutional Right to a Speedy Trial
No citizen of this State or of the United States may be deprived of his or her "life, liberty or property, without due process of law” (US Const, 14th Amend, § 1). Due process itself gives a defendant a right to a swift resolution of any matter where his liberty (up to 15 days in jail) or property (fine of $300 to $500) is at stake. As Judge Fleischman in Attie (supra) stated, these events cannot languish without end. While a defendant charged with a traffic infraction may not have a statutory right to a speedy trial, he or she does have a constitutional right to a speedy trial. Additionally, this court believes that the five Taranovich factors are the appropriate gauge for examining whether the defendant’s constitutional right to a "speedy trial” has been abridged.
After examining the facts at bar, this court does not believe that the 52-day delay in the People’s readiness sufficiently impairs the defendant’s ability to defend himself. A charge of driving while ábility impaired by alcohol (Vehicle *856 and Traffic Law § 1192 [1]), although only a traffic infraction, is a lesser included charge of driving while intoxicated, an unclassified misdemeanor (Vehicle and Traffic Law § 1192 [2] or § 1192 [3]; see generally, CJI[NY]2d VTL 1192 [1], at 1192-1001 et seq. [1995]). Both charges require the same level of preparedness by the prosecution and the defense as does the more serious misdemeanor charge. The only issue is the degree of intoxication. Accordingly, it would be inappropriate to extend to the lesser driving while ability impaired by alcohol charge the same time period as the driving while intoxicated 90-day period where the potential term of imprisonment is one year.
In view of the foregoing, it is reasonable to expect that the People be "ready for trial” within 60 days from arraignment.
Accordingly, the defendant’s motion to dismiss this action on speedy trial grounds is, at this time, denied.

. There also is a split in authority on the issue of whether the People are bound to the speedy trial limit imposed on the original charge if they choose to reduce the charge to that of a traffic infraction. People v Wise (141 Misc 2d 409 [Nassau Dist Ct 1988]) held that as the speedy trial statute does not apply to traffic infractions the People did not have to be ready within 90 days when they reduced a charge from an A misdemeanor to a traffic infraction. However, in People v Matute (141 Misc 2d 988, 989 [Crim Ct, Bronx County 1988]) the court held that "[t]he mandate of CPL 30.30 does not apply to criminal actions in which the defendant has been accused only of a traffic infraction from the outset”. See also this court’s decision in People v Stateikin (163 Misc 2d 517, 524 [Crim Ct, Kings County 1994]) which held that in a reduction from a class A misdemeanor to a class B misdemeanor, the speedy trial "time clock” is set with the original charge as long as the original charges are neither "baseless” nor the product of prosecutorial misconduct or bad faith.

. See also, People v Vancol (166 Misc 2d 93 [Just Ct 1995]). Here, Village Justice Liotti held that the speedy trial time for violations should apply to various violations of the Zoning Code as "a violation of a municipal ordinance is to be considered a criminal offense” as the ordinance provided for a possibility of imprisonment (up to 15 days). However, the court did state in dicta that the speedy trial act does not apply to traffic infractions.

. It must be noted that this section of Vehicle and Traffic Law § 155 only applies "outside of cities having a population in excess of [200,000]” and in certain parts of Suffolk County, where administrative tribunals had previously been established which had jurisdiction over these offenses which for the most part had been misdemeanors. (Vehicle and Traffic Law § 155; see also, L 1934, ch 485.)

. As Judge Garnett stated: "[t]he sole purpose [of this sentence] * * * is to give police officers the same authority when a traffic infraction is committed [in their presence] that they possess when a violation * * * is committed in their presence. For this purpose alone, a traffic infraction is 'deemed an offense’ ” (People v Vierno, 159 Misc 2d 770, 773 [Crim Ct, Richmond County 1993]).

. When the Court of Appeals held that defendants charged with traffic infraction have no right to counsel Judge Scileppi stated that "New York has long deemed traffic infractions as a form of misconduct distinguishable from more serious breaches of the law or crimes” (People v Letterio, 16 NY2d 307, 312 [1965]). "The basic concept of the traffic infraction is that a traffic violation is not a crime and the violator not a criminal” (supra [Bergan, J., concurring]).