OPINION OF THE COURT
Per Curiam.
Order dated October 13, 1994, insofar as appealed from, reversed, motion denied, and accusatory instrument reinstated.
The sole charge now remaining for prosecution on the within accusatory instrument is driving while impaired (Vehicle and Traffic Law § 1192 [1]), a traffic infraction which triggers no statutory speedy trial rights under CPL 30.30 (see, Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 30.30, at 168-169; People v Howell, 158 Misc 2d 653; People v Wise, 141 Misc 2d 409). That a related misdemeanor charge was initially joined does not serve to transform the traffic infraction to the level of a more serious offense or otherwise bring the case within the ambit of CPL 30.30. As has been stated in analogous circumstances, "Speedy trial [analysis] must, as a matter of course, often involve distinct considerations with respect to individual counts of a single accusatory instrument.” (People v Minor, 144 Misc 2d 846, 848, Iv denied 74 NY2d 666; see, People v Ortiz, 209 AD2d 332, 334, Iv denied 86 NY2d 739; People v Smith, 53 AD2d 652.)
Nor is a speedy trial dismissal of the traffic infraction charge dictated by the provisions of CPL 30.30 (1) (b), which set forth the time limits applicable to "a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor * * * and none of which is a felony” (emphasis supplied). The use of the generic term "offenses” is critical, inasmuch as the Legislature, "in recognition of the fact that a traffic infraction is not a 'violation,’ created the term 'petty offense’ for the purpose of referring to noncriminal offenses when traffic infractions are intended for inclusion (see CPL § 1.20 [39]).” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 30.30, at 169.) The language of CPL 30.30 (1) (b) omits petty offenses from those covered by its terms, and we cannot assume that the legislative omission was unintentional. " 'The failure of the Legislature to include a matter within a particular statute is an indication that its exclusion was intended’ ” (People v Tychanski, 78 NY2d 909, 911).
Parness, J. P., McCooe and Freedman, JJ., concur.