OPINION OF THE COURT
Troy K. Webber, J.
Defendant’s motion to dismiss pursuant to CPL 30.30 and 170.30 (1) (e) is granted. While CPL 30.30 does not apply to traffic infractions, the People may not dismiss misdemeanor charges and proceed against a defendant on a traffic infraction *69 for the sole purpose of circumventing defendant’s right to a speedy trial.
FACTS
A review of the papers submitted by counsel as well as the court papers is of little assistance in sifting out the long and tortuous procedural history of this case.[1] The following chronology, however, appears undisputed.
Defendant, Eddie Faison, was arrested on August 15, 1995 and charged with aggravated unlicensed operation of motor vehicle (Vehicle and Traffic Law § 511 [1] [a]), an unclassified misdemeanor, punishable by a fine of not less than $200 nor more than $500 or a term of imprisonment of not more than 30 days; or both fine and imprisonment. Defendant was given a desk appearance ticket (DAT) and directed to appear at Bronx Criminal Court to answer the charge. There is no indication of what the initial return date of the DAT was. However, it is clear that defendant was arraigned on the charge of Vehicle and Traffic Law § 511 (1) (a) on December 21, 1995. The four-month delay does not seem to have been caused by any action or inaction of the defendant. Rather, it appears that the delay was caused by the inability of the People to file an accusatory instrument. Indeed, this court notes that the accusatory instrument is dated December 8, 1995.
Following defendant’s arraignment on December 21, 1995, the case was adjourned to January 9, 1996 for the People to convert the complaint to an information.[2] On January 9, 1996, the defendant did not appear. A warrant was issued and stayed *70 to February 7, 1996. On that date, defendant did not appear and a warrant was issued.
On April 8, 1996, defendant returned on the warrant and the case was adjourned to April 15, 1996. The court papers indicate that the adjournment was at the defense counsel’s request, however, the People had not converted the complaint in defendant’s absence and were still unable to do so on April 8, 1996. On April 15, 1996, the People still had not converted the complaint to an information. The court papers indicate that the case was adjourned to April 29, 1996, for defense motions, presumably, for defendant to move to dismiss pursuant to CPL 30.30. Defense counsel in his papers in support of the instant motion states that after reviewing the court papers, he decided not to make motions as they might have been "premature”.
On April 29, 1996, the case was adjourned to May 13, 1996. On May 13, 1996, the People filed and served a copy of defendant’s driving abstract, obtained from the Department of Motor Vehicles. No other documents were filed and served, including the supporting deposition from the informant. On May 13, 1996, the case was adjourned to June 13, 1996. On June 13, 1996, the case was adjourned to July 15, 1996. On July 15, 1996 — almost one year following defendant’s initial arrest and some seven months following his arraignment — the People moved to- dismiss the sole charge of aggravated unlicensed operation of a motor vehicle (Vehicle and Traffic Law § 511 [1] [a]) and to add the traffic infraction of violations of Vehicle and Traffic Law § 509 (1). Following the dismissal of the unclassified misdemeanor and the addition of the traffic infraction, a motion schedule was set and the instant motion was subsequently filed and served.[3] Defendant states that more than 60 days have elapsed since the commencement of this ac *71 tion. Specifically, he alleges that 207 days are charged to the People.
As previously stated, the above chronology is based upon the court papers and the papers submitted by the defendant. It is well established that once the defendant makes sworn allegations of fact of undue delay on the part of the People then the burden shifts to the People to controvert these facts by coming forth with a basis for exclusion of the respective period(s) of delay. (People v Santos, 68 NY2d 859 [1986]; People v Kendzia, 64 NY2d 331 [1985].) Since the People did not address the respective adjournment periods in their papers, these periods are deemed conceded. (People v Alston, 126 AD2d 731 [2d Dept 1987].) Apparently, it is the People’s contention that since the defendant is charged with a traffic infraction, they need not address the issue of excludable or includable time.
SPEEDY TRIAL
CPL 30.30 provides in pertinent part that the People must be "ready for trial” within 60 days if the highest crime charged is a class B or unclassified misdemeanor which is punishable by a term of imprisonment of less than three months (CPL 30.30 [1] [c]) or within 30 days where the offense is a violation (CPL 30.30 [1] [d]). Most courts, including the Appellate Term, Second Department, have held that CPL 30.30 is not applicable to traffic infractions. (People v Albright, NYLJ, Dec. 6, 1991, at 30, col 4 [9th & 10th Jud Dists]; People v Brown, NYLJ, Apr. 18, 1984, at 12, col 5; People v Fisher, 167 Misc 2d 850 [Crim Ct, Richmond County 1995]; People v Michalek, 138 Misc 2d 1 [Crim Ct, NY County 1987]; People v Solomon, 124 Misc 2d 33 [Nassau Dist Ct 1984]; People v Matute, 141 Misc 2d 988 [Crim Ct, Bronx County 1988].)
In People v Fisher (supra), the court found that CPL 30.20 and 30.30 do not apply to traffic infractions. However, the court did find a Federal constitutional right to a speedy trial for traffic infractions. There, Judge Maltese fashioned a Federal constitutional speedy trial period of 60 days within which the People had to be ready for trial.
A review of the statute, as well as the relevant case law, leads this court to conclude that CPL 30.30 does not apply to criminal actions where the defendant is charged with a traffic *72 infraction.[4] The issue presented here is whether CPL 30.30 applies where the initial charges are reduced or dismissed and the sole remaining charge is a traffic infraction.
In the instant case, it is undisputed that over 60 days are charged to the People. The People contend that the dismissal of the unclassified misdemeanor charge and the addition of the traffic infraction removed the prosecution from the purview of CPL 30.30 and effectively gives them an infinite period in which to prosecute. This court disagrees and finds that the People are bound by the speedy trial time in effect at defendant’s arraignment on December 21, 1995.
The People’s motion to dismiss the unclassified misdemeanor and add a traffic infraction is analogous to the People filing an amended or superseding complaint. Where a new accusatory instrument is filed, the applicable speedy trial time is calculated by reference to the top count or most serious charge contained in the accusatory instrument which commenced the action. Computation of chargeable time begins from the filing of the first accusatory instrument. (People v Kopciowski, 68 NY2d 615 [1986]; People v Sinistaj, 67 NY2d 236 [1986]; People v Odoms, 143 Misc 2d 503 [1989].)
Similarly, where a class A misdemeanor is reduced or replaced with a class B misdemeanor, most courts have held the People to the original 90-day speedy trial period.
As pointed out in People v Byrd (124 Misc 2d 987 [1984]) and People v Rashtak (165 Misc 2d 236 [1995]), in the absence of prosecutorial bad faith or some showing that the original charge was baseless, there seems to be little purpose in forcing the People to proceed with a greater charge in order to avoid possible speedy trial dismissal.
As stated by Judge Obus in People v Matute (141 Misc 2d, supra, at 992), "[t]o permit the reduced charges to govern in this context would not limit the People’s allotted preparation time, but would completely remove the prosecution from the *73 requirements of the statute.” Such a result "would undermine the defendant’s legitimate expectation * * * of a speedy disposition of the matter. And it would increase the potential for unfair manipulation”. (Supra.)
The most troubling aspect of this case is the People’s obvious and blatant attempt to circumvent the speedy trial provisions. The addition of the traffic infraction on July 15, 1996 was a thinly veiled attempt to manipulate the charges to prosecutorial advantage.
The People waited almost seven months to move the court to dismiss the unclassified misdemeanor and to add the traffic infraction. It is clear that this motion was not based upon any new or additional information not known to the People during the preceding seven months. Vehicle and Traffic Law § 511 (1) (a) is violated when an individual operates a motor vehicle with the knowledge that his/her license was suspended or revoked in that the defendant had in effect one or two suspensions on at least one or two separate dates. On May 13, 1996, the People filed and served a copy of defendant’s driving abstract, obtained from the Department of Motor Vehicles. Although this document in and of itself was insufficient to convert the complaint to an information, the abstract clearly shows that defendant had two suspensions on two separate dates, a clear violation of Vehicle and Traffic Law § 511 (1) (a). Thus, the fact that the People moved to dismiss the unclassified misdemeanor and add the traffic infraction as opposed to simply adding the traffic infraction indicates a desire to manipulate the prosecution and avoid dismissal of an action which had been pending for almost one year where the People were not ready to proceed.
Further, acceptance of the People’s argument would severely prejudice the defendant. While it is true that defendant is now charged with a lesser violation, one which carries a penalty of a fine of not less than $50 nor more than $200 or by imprisonment of not more than 15 days Or by both fine and imprisonment, it is also true that this charge has been pending against this defendant for over one year, a charge which still has not been substantiated or corroborated. According to the People, this charge may never be corroborated or if it is, there is no time limitation.
*74 Accordingly, as the People were not ready to proceed to trial within 60 chargeable days of the commencement of this criminal action on December 21, 1995, defendant’s motion to dismiss must be granted.

. Indeed, the People submitted a l1/2-page response stating simply that since CPL 30.30 does not apply to traffic infractions, the motion should be denied.

. The factual allegations of the complaint state the following:
"Deponent is informed by Police Officer Hoag, that at the above time and place, the above-named defendant was arrested for the offense of aggravated unlicensed operation of a vehicle. The vehicle was a 1993, Pontiac, vehicle identification number (YIN) 1G2NE5432PC812731. Specifically, informant observed the defendant operating a motor vehicle in that the defendant was sitting behind the steering wheel of the above- described vehicle, which was moving on the above-described street, a public highway.
"Deponent is further informed by informant, that informant obtained and read a teletype printout of the New York State Department of Motor Vehicles, whose computers are tied into our police computer for the purpose of obtaining records, which records were made and obtained in the regular course of business and which are regularly made in the course of business within a reasonable time after the event or occurrence [sic], and said records show that the defendant’s license to operate a motor vehicle was suspended *70 or revoked in that the defendant had in effect one or two suspensions on at least one or two separate dates for failure to answer, appear, or pay a fine.
“Deponent is further informed by informant that informant’s basis for believing that the defendant knew or had reason to know that his/her license was suspended or revoked is as follows: The above DMV records revealed that defendant’s license was suspended for failure to answer a traffic summons, and all such summons have printed on them '[i]f you do not answer this ticket by mail within fifteen (15) days, your license will be suspended.’ The suspension occurs automatically (by computer) within 4 weeks of the defendant’s failure to answer.”

. It should also be noted that it does not appear that the People have ever converted this complaint to an information. A review of the court papers does not reveal a supporting deposition from the informant named in the complaint, a New York City police officer.

. One court has stated in dicta that CPL 30.30 is applicable to the charge of driving while impaired (Vehicle and Traffic Law § 1192 [1]), a traffic infraction. (People v Pregent, 142 Misc 2d 344 [Syracuse City Ct 1988].) There, Judge McKinney reasoned that since CPL 170.30 (1) (e) authorized the dismissal of a simplified information on speedy trial grounds and a simplified information includes a simplified traffic infraction, then it must be subject to CPL 30.30. Additionally, Judge McKinney looked to the provisions of Vehicle and Traffic Law § 155 which defines "traffic infraction” and provides that for jurisdictional purposes traffic infractions should be deemed misdemeanors and all provisions of law shall apply with certain exceptions, CPL 30.30 not being an exception. This court declines to follow this reasoning.