OPINION OF THE COURT
John H. Wilson, J.
Defendant is charged with operating a motor vehicle while intoxicated (Vehicle and Traffic Law § 1192 [3]), an unclassified misdemeanor, as well as operating a motor vehicle while impaired (Vehicle and Traffic Law § 1192 [1]), a traffic infraction.
By motion dated April 6, 2005, defendant sought to dismiss the criminal court complaint on the ground that the People have failed to comply with the time limitations imposed upon the prosecution of misdemeanors by CPL 30.30. Defendant also sought relief under the Sixth Amendment of the United States Constitution, asserting that his right to a speedy trial had been denied.
Initially, in their response dated April 27, 2005, the People asserted that they should only be charged with 56 days of includable time. On May 18, 2005, however, the People agreed to the dismissal of Vehicle and Traffic Law § 1192 (3), pursuant to CPL 30.30, and retained Vehicle and Traffic Law § 1192 (1). The court adopted the People’s concession, and ruled from the bench that defendant’s April 6, 2005 motion was denied.
Subsequently, on July 11, 2005, defendant brought another motion to dismiss, asserting that defendant had been denied his right to a speedy trial of the Vehicle and Traffic Law § 1192 (1) charge, as guaranteed by CPL 30.20 and 30.30 and the Sixth Amendment of the United States Constitution.
The People’s response, dated August 2, 2005, asserts that CPL 30.20 and 30.30 do not apply to Vehicle and Traffic Law § 1192 (1) because it is a traffic infraction. In his reply dated August 18, 2005, defendant argues two points: first, when Vehicle and Traffic Law § 1192 (3) was dismissed, Vehicle and Traffic Law § 1192 (1) should have also been dismissed, since it is a “lesser included” of Vehicle and Traffic Law § 1192 (3); and second, by allowing the People to retain the Vehicle and Traffic Law § 1192 (1) charge, the court has allowed the People to circumvent the defendant’s right to a speedy trial.
On August 19, 2005, this court heard oral arguments on defendant’s second motion to dismiss. During oral arguments, *200 the People conceded that Vehicle and Traffic Law § 1192 (1) is a “lesser included” of Vehicle and Traffic Law § 1192 (3). Nevertheless, the People declined to dismiss this count, and argued that the CPL did not apply to traffic infractions.
For the reasons that follow, defendant’s July 11, 2005 motion is denied. The court finds that to date the People are only charged with 63 days in this matter. Further, this court finds that the speedy trial guarantee of the United States Constitution applies to traffic infractions; however, since the People had initially charged the defendant with Vehicle and Traffic Law § 1192 (3), the time period that applies to this matter is 90 days.
Procedural History
Defendant was arrested on July 19, 2004 and arraigned on the same date. At that time, the criminal court complaint was deemed an information, and the matter was adjourned to August 5, 2004 for discovery by stipulation at the request of the defense. This time is excluded.
On August 5, 2004, the People filed discovery by stipulation, and announced their readiness for trial on the record. The matter was then adjourned three times between August 5, 2004 and November 18, 2004 for possible disposition. All this time is excluded.
On November 18, 2004, when it was clear that the matter would not be resolved, the court ordered pretrial hearings, and adjourned the case to January 13, 2005 for hearings and trial. Since the People are afforded a reasonable opportunity to be ready for hearings and trial, this time is excluded. (See People v Fleming, 13 AD3d 102 [1st Dept 2004], and cases cited therein.)
On January 13, 2005, the People answered not ready for trial. The People’s response dated April 27, 2005 indicates that the People had requested two weeks; however, the record is devoid of any such request. The matter was adjourned to February 24, 2005. The court action sheet indicates that the People were to be charged until they filed and served a statement of readiness. Since no statement of readiness was filed by the People during this adjournment, the entire time from January 13, 2005 to February 24, 2005 (42 days) is charged to the People.
On February 24, 2005, the People again announced not ready, but this time the record indicates that the People requested two weeks. The matter was adjourned until March 24, 2005. Since there was a prior statement of readiness for trial made by the *201 People in open court on August 5, 2004, the People are only charged 14 days for this adjournment.[1]
On March 24, 2005, the People again stated not ready. The People requested one week, and the matter was adjourned to April 7, 2005. Again, since there is a prior statement of readiness, the People are only charged with seven days for this adjournment.
On April 7, 2005, defendant filed his initial motion to dismiss. Since all subsequent adjournments have been for the purpose of considering either defendant’s initial motion, dated April 6, 2005, or his subsequent motion, dated July 11, 2005, under CPL 30.30 (4) (a) this motion time is excluded in its entirety. (See, People v Hodges, 12 AD3d 527 [2d Dept 2004]; People v Sivano, 174 Misc 2d 427, 429 [App Term, 1st Dept 1997].)
Legal Issues
(A) Defendant’s April 7, 2005 Motion to Dismiss, and the People’s May 18, 2005 Concession to Dismissal of Vehicle and Traffic Law § 1192 (3) Pursuant to CPL 30.30
Operating a motor vehicle while intoxicated, though an unclassified misdemeanor, is subject to the 90-day time limitation of CPL 30.30 (1) (b). The court’s review indicates that only 63 days are charged to the People in this matter. Thus, it would appear that the People miscalculated the applicable amount of includable time when they dismissed the Vehicle and Traffic Law § 1192 (3) charge.
Under the facts of this case, however, this court will not make such an assumption on the People’s behalf. It is within the prosecutor’s discretion to dismiss a charge or an accusatory instrument in its entirety. (See, People v Eboli, 34 NY2d 281, 289 [1974].)
Further, while this court has the inherent power to correct mistakes, and, in proper cases, set them aside at any time, this power is to be exercised only upon a proper showing that said mistake is the result of trickery, deceit, coercion, or fraud and misrepresentation. (See, People v Farina, 65 Misc 2d 970, 971 [Nassau Dist Ct 1971].) In the absence of any showing in this case of any of the above-stated factors, it would not be appropriate for this court to conduct any further review of this issue.
*202 Therefore, the People’s May 18, 2005 decision to dismiss Vehicle and Traffic Law § 1192 (3), the unclassified misdemeanor, pursuant to CPL 30.30 will remain the law of this case.
(B) Defendant’s July 11, 2005 Motion to Dismiss Vehicle and Traffic Law § 1192 (1)
Defendant asserts that the Vehicle and Traffic Law § 1192 (1) charge should have been dismissed at the same time as the Vehicle and Traffic Law § 1192 (3) charge, since the traffic infraction is a “lesser included” of the unclassified misdemeanor. For their part, the People believe that Vehicle and Traffic Law § 1192 (1) survives the dismissal of Vehicle and Traffic Law § 1192 (3) since it is a traffic infraction, and, as such, is not subject to the restrictions of CPL 30.30 or CPL 30.20.
As the People conceded during oral arguments, Vehicle and Traffic Law § 1192 (1) is a “lesser included” of Vehicle and Traffic Law § 1192 (3). However, in this matter, it is also a separate charge on the docket. As was stated in People v Minor (144 Misc 2d 846, 848 [App Term, 2d Dept 1989]), any analysis of speedy trial “must, as a matter of course, often involve distinct considerations with respect to individual counts of a single accusatory instrument.” (See, also, People ex rel. Mack v Warden, 145 Misc 2d 1016, 1017 [Sup Ct, Kings County 1989] [“It is well settled that each count contained in an accusatory instrument is deemed as a matter of law a separate and distinct accusatory instrument”].)
Thus, even if Vehicle and Traffic Law § 1192 (1) is a “lesser included” of Vehicle and Traffic Law § 1192 (3), as a separate charge on the docket, Vehicle and Traffic Law § 1192 (1) is entitled to a separate speedy trial review.
The People’s assertion that CPL 30.30 does not apply to a traffic infraction is correct. (See, People v Gonzalez, 168 Misc 2d 136 [App Term, 1st Dept 1996], lv denied 88 NY2d 936 [1996]; People v Howell, 158 Misc 2d 653 [Crim Ct, Kings County 1993].) This exemption applies even when the traffic infraction is included in a complaint that contains violations, misdemeanors, and/or felonies. (See, People v Brooks, 190 Misc 2d 247 [App Term, 1st Dept 2001].)
Further, it is equally true that the statutory speedy trial provisions of CPL 30.20 do not apply to a traffic infraction. CPL 30.20 (1) specifically provides that “[a]fter a criminal action is commenced, the defendant is entitled to a speedy trial.” (Emphasis added.)
*203 In People v Fisher (167 Misc 2d 850 [Crim Ct, Richmond County 1995]), Judge Maltese reviewed the statutory definition of a “criminal action” as provided in General Construction Law § 18-a. There, a “criminal action” is described as one which “is prosecuted . . . against a party charged with a crime.” (167 Misc 2d at 855, quoting General Construction Law § 18-a.) Since a traffic infraction is not a crime, “a criminal action has not taken place. Therefore, the defendant may not avail himself of the speedy trial rule contained in CPL 30.20.” (Id.)
Judge Maltese continued his analysis by finding that a defendant charged with a traffic infraction did have a right to a speedy trial under the United States Constitution. As so cogently stated in Fisher,
“Due process itself gives a defendant a right to a swift resolution of any matter where his liberty . . . or property . . . are at stake . . . these events cannot languish without end. While a defendant charged with a traffic infraction may not have a statutory right to a speedy trial, he or she does have a constitutional right to a speedy trial.” (167 Misc 2d at 855, citing People v Attie, 131 Misc 2d 921 [Long Beach Ct 1986].)
Where a defendant has been initially charged with the traffic infraction alone, the proper time limitation to be placed on the constitutional right to a speedy trial can be quite broad. In People v Gordon (2 Misc 3d 134[A], 2004 NY Slip Op 50190[U] [App Term, 9th & 10th Jud Dists 2004]) and People v Taylor (189 Misc 2d 313 [App Term, 2d Dept 2001]), the court held that up to 14 months was allowed.
In Fisher, however, Judge Maltese determined that since Vehicle and Traffic Law § 1192 (1), the traffic infraction, is a lesser included of Vehicle and Traffic Law § 1192 (2) and § 1192 (3), the unclassified misdemeanors, “it would be inappropriate to extend to the lesser driving while ability impaired by alcohol charge the same time period as the driving while intoxicated 90-day period . . . it is reasonable to expect the People to be ‘ready for trial’ within 60 days from arraignment.” (167 Misc 2d at 856.)
Adopting this reasoning, and in light of the People’s admission during oral arguments that Vehicle and Traffic Law § 1192 (1) is a lesser included of Vehicle and Traffic Law § 1192 (3), it is reasonable and appropriate to hold that where the docket includes charges of both misdemeanor and traffic infractions, *204 the constitutional speedy trial time for the traffic infraction is 60 days.
If we keep in mind that Vehicle and Traffic Law § 1192 (1) is a separate charge on the docket, entitled to a separate and distinct speedy trial analysis, the question then arises: when does the constitutional speedy trial clock begin to run for the lesser included, separately charged traffic infraction which is on the same docket as a misdemeanor?
The law answers this question quite clearly — where a misdemeanor charge is present on the docket, and is subsequently dismissed, the time for all charges on the docket begins to run from the arraignment of the defendant. (See, Fisher, 167 Misc 2d at 856; People v Matute, 141 Misc 2d 988, 990 [Crim Ct, Bronx County 1988] [“People’s readiness obligation was fixed by the nature of the accusations at the commencement of the action”].) To hold otherwise would allow the time limitations of the lesser charge to control the entire docket. Due Process will not permit this result.
At the institution of the charges in this matter, the defendant was charged with both the Vehicle and Traffic Law § 1192 (1) infraction, as well as Vehicle and Traffic Law § 1192 (3), the unclassified misdemeanor. Under these circumstances, the People are bound by the 90-day time limitation of the higher charge. Thus, the People cannot assert that once they have dismissed the Vehicle and Traffic Law § 1192 (3) charge, the People have a limitless amount of time in which to prosecute a defendant for the traffic infraction, nor can they assert that the constitutional 60-day limitation period begins anew. To do so would be an “obvious and blatant attempt to circumvent the speedy trial provisions.” (See, People v Faison, 171 Misc 2d 68, 73 [Crim Ct, Bronx County 1996].)
In Faison, the People moved to dismiss an unclassified misdemeanor charge of Vehicle and Traffic Law § 511 (1) (a), and add the traffic infraction of Vehicle and Traffic Law § 509 to the docket. Judge Webber ruled that even if the People were allowed to make such an amendment, the People do not have “an infinite period in which to prosecute . . . the People are bound by the speedy trial time in effect at defendant’s arraignment.” (171 Misc 2d at 72.)[2]
In Matute (supra), Judge Obus came to a similar conclusion when the People attempted to dismiss the unclassified misde *205 meanors of Vehicle and Traffic Law § 1192 (2) and § 1192 (3) and retain the Vehicle and Traffic Law § 1192 (1) infraction;
“[t]o permit the reduced charges to govern in this context would not limit the People’s allotted preparation time, but would completely remove the prosecution from the requirements of the statute . . . [such a result] would undermine the defendant’s legitimate expectation ... of a speedy disposition of this matter. And it would increase the potential for unfair manipulation” (141 Misc 2d at 992).
Thus, as in Matute, even if the People here dismiss the misdemeanor charge, for whatever reason, and retain the traffic infraction, the 90-day limitation period of the higher charge applies to the entire docket. In many cases, this would mean the entire matter is dismissed, particularly where the People have never converted the criminal court complaint to an information. In this case, however, the court has found that the People are only charged with 63 days.
Therefore, since the People’s 90-day period has not yet expired, the defendant’s July 11, 2005 motion to dismiss the remaining count of Vehicle and Traffic Law § 1192 (1) is denied.
All other arguments advanced by defendant have been reviewed and rejected by this court as being without merit.

. It is well settled that postreadiness, the People are to be charged only with the amount of time they request. (See, People ex rel. Sykes v Mitchell, 184 AD2d 466 [1st Dept 1992]; People v Urraea, 214 AD2d 378 [1st Dept 1995].)

. Judge Webber also adopted the Fisher 60-day constitutional speedy trial time for lesser included traffic infractions. (171 Misc 2d at 71.)