OPINION OF THE COURT
John H. Wilson, J.
Defendant is charged with one count each of operating a motor vehicle while impaired (Vehicle and Traffic Law § 1192 [1]), operation in opposite direction of one-way roadway (Vehicle and Traffic Law § 1127 [a]), and unlicensed operator (Vehicle and Traffic Law § 509), all traffic infractions.
By motion dated December 23, 2010, defendant seeks dismissal of the criminal court complaint, asserting that his statutory right to a speedy trial pursuant to CPL 30.20, as well as the Constitutions of the United States and New York State, has been denied.
Defendant also seeks dismissal of this matter in the interest of justice under CPL 210.40 and 210.20.
The court has reviewed defendant’s motion, the People’s response dated February 22, 2011, and the prior proceedings in this matter, including the decision of the Honorable Gilbert Hong, JCC rendered on October 13, 2010.
For the reasons that follow, defendant’s motion is granted in the interests of justice.
Procedural History
Defendant was arrested on September 6, 2009, and arraigned on the same date. At that time, defendant was charged with the *722 counts listed above, as well as two additional counts of operating a motor vehicle while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]), both unclassified misdemeanors, and consumption of alcohol in public (Administrative Code of City of NY § 10-125 [b]), a violation.
By motion dated October 1, 2010, defendant sought dismissal of this matter under CPL 30.30. After review of the motion, and the People’s response dated October 7, 2010, by decision dated October 13, 2010, Judge Hong granted defendant’s motion to dismiss the unclassified misdemeanor charges of Vehicle and Traffic Law § 1192 (2), (3), retaining the traffic infraction charges enumerated above.[1] The court found that the People were charged with 151 days, however, the court also found that CPL 30.30 did not apply to traffic infractions.
Operating a motor vehicle while intoxicated, under either Vehicle and Traffic Law § 1192 (2) or (3), is an unclassified misdemeanor, and is thus subject to the 90-day time limitation of CPL 30.30 (1) (b). (See People v Strafer, 10 Misc 3d 1072[A], 2006 NY Slip Op 50046[U] [Crim Ct, Kings County 2006] [and cases cited therein].) There is no dispute that these charges were properly dismissed pursuant to CPL 30.30.
By motion dated October 26, 2010, defendant sought dismissal of this matter pursuant to CPL 30.20 and in the interests of justice. That motion was orally denied by the Honorable Michael Gerstein, JCC on October 27, 2010.
The CPL 30.20 Motion Must be Denied
The notes from the court file for October 27, 2010 indicate that the court orally denied defendant’s motion because “speedy trial does not apply to traffic infractions.” This assertion is correct, in that CPL 30.30 does not apply to a docket consisting solely of traffic infractions from its inception. (See People v Gonzalez, 168 Misc 2d 136 [App Term, 1st Dept 1996], lv denied 88 NY2d 936 [1996]; People v Howell, 158 Misc 2d 653 [Crim Ct, Kings County 1993].)
Further, it is equally true that the statutory speedy trial provisions of CPL 30.20 do not apply to a traffic infraction. CPL *723 30.20 (1) specifically provides that “(a)fter a criminal action is commenced, the defendant is entitled to a speedy trial.” (Emphasis added.)
In People v Fisher (167 Misc 2d 850 [Crim Ct, Richmond County 1995]), the court reviewed the statutory definition of a “criminal action” as provided in General Construction Law § 18-a. There, a “criminal action” is described as one which is “prosecuted . . . against a party charged with a crime.” (167 Misc 2d at 855.) Since a traffic infraction is not a crime, “a criminal action has not taken place. Therefore, Defendant may not avail himself of the speedy trial rule contained in CPL 30.20.” (Jd. at 855.)
This leaves the guarantee of a speedy trial contained in the Federal and New York State Constitutions. That issue does not appear to have been considered by the court on October 27, 2010.
In his motion, defendant relies on a line of cases which held that “it is reasonable and appropriate to hold that where the docket includes charges of both misdemeanor and traffic infractions, the constitutional speedy trial time for the traffic infraction is 60 days.” (People v Mahmood, 10 Misc 3d 198, 203-204 [Crim Ct, Kings County 2005] [and cases cited therein]; see Fisher, supra.) This approach, however, has been rejected by the Appellate Term of the First Department.
In People v Polite (16 Misc 3d 18 [App Term, 1st Dept 2007]), the court rejected defendant’s speedy trial arguments brought under CPL 30.20, and held that any evaluation of a constitutional speedy trial claim must take place pursuant to the factors enumerated in People v Taranovich (37 NY2d 442 [1975]). Specifically, the court noted that
“[t]o the extent that trial level decisions in such cases as [Fisher and Mahmood, supra] appear to apply a narrower standard of constitutional speedy trial review to traffic violation prosecutions of the type here involved, they are inconsistent with the Court of Appeals’ teaching in Taranovich and are otherwise unpersuasive.” (16 Misc 3d at 19.)
This court recognizes the authority of the Appellate Term in this area, and will not apply a 60-day time period to traffic infractions such as are presented here. The Taranovich factors will be applied to defendant’s motion.
Under Taranovich, the court must consider
“(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) *724 whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay.” (37 NY2d at 445.)
“(N)o one factor or combination of factors ... is necessarily decisive or determinative of the speedy trial claim.” (Id. at 445.)
Here, defendant cannot establish a deprivation of his constitutional right to a speedy trial, under either the United States or New York State Constitution. The case is approximately 17 months old, and only approximately five months of that time is attributable to the People. (See decision of Hong, J., dated Oct. 13, 2010.) Further, the defendant’s pretrial incarceration in this matter was due to his arrest in Suffolk County for two other matters, not for the instant allegations. While the underlying charges are traffic infractions, driving while impaired is a serious offense which carries substantial penalties, such as a three-month suspension of a defendant’s privilege to drive, and a maximum fine of $500.
Defendant also fails to establish any prejudice suffered as a result of the delay. Therefore, under the factors enumerated in Taranovich, this motion must be denied.
The Motion to Dismiss in the Interest of Justice Must be Granted
When the court orally denied defendant’s motion on October 27, 2010, it did so on “speedy trial” grounds. Defendant’s motion to dismiss in the interest of justice appears to have not been considered. Therefore, this motion is properly before this court on the latest motion to dismiss.
CPL 170.40 (1) provides for a variety of factors which require dismissal of “[a]n information, a simplified traffic information, a prosecutor’s information or a misdemeanor complaint, or any count thereof’ “as a matter of judicial discretion” if “some compelling factor, consideration or circumstance clearly demonstrative] that conviction or prosecution of the defendant upon such accusatory instrument or count would constitute or result in injustice.” (See also CPL 170.30 [1] [g].)
The discretion of the court to dismiss an information in the furtherance of justice is not absolute, nor is it uncontrolled. (See People v O’Grady, 175 Misc 2d 61, 65 [Crim Ct, Bronx County 1997], citing People v Wingard, 33 NY2d 192 [1973].) In fact, this power is to be “employed cautiously and sparingly.” (See People v Eubanks, 114 Misc 2d 1097, 1098 [App Term, 2d Dept 1982].)
*725 On a motion to dismiss in the interests of justice, the burden is on the defendant to establish “some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant would constitute or result in injustice.” (See People v Boulet, 88 Misc 2d 353, 355 [Rochester City Ct 1976] [internal quotation marks omitted]; People v Verardi, 158 Misc 2d 1039,1042 [Crim Ct, Kings County 1993].)
When considering the motion, the court need not
“engage in a point-by-point catechistic discussion of all ten [statutory] factors . . . Instead, the court is required to consider the factors individually and collectively in making a value judgment that is based upon striking a sensitive balance between the interests of the individual and those of the state.” (See People v Gragert, 1 Misc 3d 646, 648 [Crim Ct, NY County 2003] [citations and internal quotation marks omitted].)
This court finds that CPL 210.40 (1) (g), the impact of a dismissal upon confidence in the criminal justice system, compels the granting of defendant’s motion to dismiss.
As previously stated, where a defendant has been charged with traffic infractions alone, from the inception of the matter, the constitutional right to a speedy trial can be quite broad. In People v Gordon (2 Misc 3d 134[A], 2004 NY Slip Op 50190[U] [App Term, 9th & 10th Jud Dists 2004]) and People v Taylor (189 Misc 2d 313 [App Term, 2d Dept 2001]) the court held that up to 14 months was allowed.
In the instant case, however, Vehicle and Traffic Law § 1192 (2) and (3), two unclassified misdemeanors, were charged on the original docket. “CPL 30.30 time periods are generally calculated based on the most serious offense charged in the accusatory instrument and are measured from the date of commencement of the criminal action.” (See People v Cooper, 98 NY2d 541, 543 [2002], citing CPL 30.30 [1].)[2]
In Cooper, the Court of Appeals examined the exceptions listed in CPL 30.30 (5) “which require a deviation from the gen *726 eral rule and effectively alters the date a criminal action is deemed to have commenced for purposes of applying the CPL 30.30 (1) time frames.” (98 NY2d at 544.) There the rule of law was stated clearly;
“unless an event occurs which triggers the specific contingencies of CPL 30.30 (5), the general rule articulated in CPL 30.30 (1) controls the calculation of the readiness period throughout the criminal action. Under that provision, the readiness time requirement is based on the most serious offense charged in the criminal action, measured from the date of filing of the first accusatory instrument.” (Id. at 546.)
Under CPL 30.30 (1) (b), where at least one misdemeanor charge “punishable by a sentence of imprisonment of more than three months” is present on the docket, the time for all “offenses” charged on the same docket begins to run from the “commencement of a criminal action.” (See Mahmood, 10 Misc 3d at 204; Fisher, 167 Misc 2d at 856; People v Matute, 141 Misc 2d 988, 990 [1988] [“People’s readiness obligation was fixed by the nature of the accusations at the commencement of the action”].)[3]
At the institution of the charges in this matter, the defendant was charged with traffic infractions, as well as Vehicle and Traffic Law § 1192 (2) and (3), both unclassified misdemeanors. A review of CPL 30.30 (5) reveals no exception which would allow the maintenance of traffic infraction charges after the misdemeanor charges have been dismissed pursuant to CPL 30.30 (1) (b). Under these circumstances, the People are bound by the 90-day time limitation of the higher charge.
*727 Thus, following the Court of Appeals holding in Cooper, this entire matter should have been dismissed on October 13, 2010 pursuant to CPL 30.30 (1) (b).
It is within the court’s inherent powers to correct a mistake of law. (See People v Marino, 81 AD3d 426 [App Div, 1st Dept 2011] [and cases cited therein].) To dismiss the remaining charges on this docket corrects the court’s earlier mistake of law, and can only serve to increase the public’s confidence in the criminal justice system within the meaning of CPL 210.40 (1) (g).
Therefore, this matter is dismissed in the interest of justice. Sealing is stayed for 30 days.
All other arguments advanced by the People and defendant have been reviewed and rejected by this court as being without merit.

. The basis for the dismissal of the consumption of alcohol charge is unclear, but since the substance is described in the criminal court complaint only as “liquor” without any further description or indication that the “beverage contains more than one-half of one percent of alcohol,” the charge is facially insufficient, and properly dismissed. (See People v Cunningham, 188 Misc 2d 184, 184 [Crim Ct, NY County 2001]; see Administrative Code § 10-125 [a] [1].)

. This approach was tacitly approved of in People v Didio (14 Misc 3d 128[A], 2006 NY Slip Op 52496[U] [App Term, 9th & 10th Jud Dists 2006]). There the Appellate Term noted “that the speedy trial provisions of CPL 30.30 do not apply to the present matter, in which the charge was only a traffic infraction from the outset” (2006 NY Slip Op 52496[U] at *2, citing People v Matute, 141 Misc 2d 988 [1988]).

. As stated previously, Mahmood and Fisher have been superceded by Polite as to the application of a 60-day time limitation period to constitutional speedy trial. However, insofar as Mahmood, Fisher and Matute follow the holding of Cooper (98 NY2d at 546) and find that “the general rule articulated in CPL 30.30 (1) controls the calculation of the readiness period throughout the criminal action,” this line of cases still represents the current state of the law on this issue.
In People v McLean (184 Misc 2d 465, 472 [Crim Ct, Queens County 2000]), the court held that “ ‘[t]he determinative factor is not the initial charge but the level of crime with which the defendant is ultimately “accused” and for which he is prosecuted,’ ” quoting an earlier People v Cooper (90 NY2d 292, 294 [1997]). The later Cooper opinion disavowed this approach, stating that “the Court did not so hold [because] . . . such an interpretation would be inconsistent with CPL 30.30 (1) which correlates the applicable time period to the highest grade of offense charged in a criminal action . . . measured from the date of commencement of the criminal action.” (98 NY2d at 546.)