OPINION OF THE COURT
John H. Wilson, J.
This decision should be read in conjunction with the court’s decision in People v Graham (31 Misc 3d 720 [Crim Ct, Kings County 2011]).
Defendant is charged with one count each of operating a motor vehicle while ability impaired (Vehicle and Traffic Law § 1192 [1]), and excessive speed (Vehicle and Traffic Law § 1180 [a]), both traffic infractions.
By motion dated February 22, 2011, defendant seeks dismissal of the criminal court complaint, asserting that his right to a speedy trial, pursuant to the Constitutions of the United States and New York State, has been denied.
By supplemental motion dated April 28, 2011, defendant also seeks dismissal of this matter in the interest of justice.
The court has reviewed defendant’s motions, the People’s responses dated March 28, 2011 and May 16, 2011, and the prior proceedings in this matter, including the decision of the Honorable Shari Ruth Michels, J.C.C., rendered on September 20, 2010.
For the reasons that follow, defendant’s motion is granted in the interest of justice.
*646 Procedural History
Defendant was arrested on October 25, 2008 and arraigned on October 27, 2008. At that time, defendant was charged with the counts listed above, as well as additional counts of operating a motor vehicle while intoxicated (Vehicle and Traffic Law § 1192 [3]), and reckless driving (Vehicle and Traffic Law § 1212) both unclassified misdemeanors.
By motion dated May 20, 2010, defendant sought dismissal of this matter under CPL 30.30 and 30.20. After review of the motion, and the People’s response dated May 25, 2010, by decision dated September 20, 2010, Judge Michels granted defendant’s motion to dismiss the unclassified misdemeanor charges of Vehicle and Traffic Law § 1192 (3) and § 1212, retaining the traffic infraction charges enumerated above. The People conceded that 95 days of chargeable time had passed; however, the court also found that CPL 30.30 did not apply to traffic infractions.
The court did then consider defendant’s motion to dismiss pursuant to CPL 30.20 and under the New York and United States Constitutions’ guarantee of a speedy trial (art I, § 6, and 6th and 14th Amends, respectively). Applying the factors enumerated in People v Taranovich (37 NY2d 442 [1975]), “the Court [found] that Defendant’s right to a speedy trial . . . has not been violated.” (See decision of Sept. 20, 2010 at 4.)
Operating a motor vehicle while intoxicated, under Vehicle and Traffic Law § 1192 (3), and reckless driving, under Vehicle and Traffic Law § 1212, are both unclassified misdemeanors, and are thus subject to the 90-day time limitation of CPL 30.30 (1) (b). (See People v Strafer, 10 Misc 3d 1072[A], 2006 NY Slip Op 50046[U] [Crim Ct, Kings County 2006] [and cases cited therein].) Thus, there is no dispute that these charges were properly dismissed pursuant to CPL 30.30.
The Constitutional Speedy Trial Motion Must be Denied
Defendant’s motion to dismiss, dated February 22, 2011, is a renewal of his May 20, 2010 constitutional speedy trial motion. Defendant relies on a line of cases which held that “it is reasonable and appropriate to hold that where the docket includes charges of both misdemeanor and traffic infractions, the constitutional speedy trial time for the traffic infraction is 60 days.” (See People v Mahmood, 10 Misc 3d 198, 203-204 [Crim Ct, Kings County 2005]; People v Fisher, 167 Misc 2d 850 [Crim Ct, Richmond County 1995] [and cases cited therein].)
As we noted in Graham, “[t]his approach . . . has been rejected by the Appellate Term of the First Department.” (31 *647 Misc 3d at 723, citing People v Polite, 16 Misc 3d 18, 19 [App Term, 1st Dept 2007] [“(t)o the extent that trial level decisions in such cases as (Fisher and Mahmood, supra) appear to apply a narrower standard of constitutional speedy trial review to traffic violation prosecutions of the type here involved, they are inconsistent with the Court of Appeals’ teaching in Taranovich and are otherwise unpersuasive” (id.)].)
Under Taranovich, the court must consider
“(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay.” (37 NY2d at 445.)
“[N]o one factor or combination of the factors ... is necessarily decisive or determinative of the speed trial claim.” (Id.)
Once again, defendant is unable to establish a deprivation of his constitutional right to a speedy trial, under either the United States or New York State Constitution. In its September 20, 2010 decision, the court noted that “[t]he nearly two-year period also includes delays due to court congestion, adjournments on consent and motion practice.” (See decision of Sept. 20, 2010, Michel, J.) Only five additional months have passed between the court’s decision in September of 2010 and the renewed motion filed in February of 2011.
Defendant also fails to establish any prejudice suffered as a result of the additional five-month delay. Therefore, under the factors enumerated in Taranovich, this motion must be denied.
The Motion to Dismiss in the Interest of Justice Must be Granted
As in Graham, this court finds that CPL 170.40 (1) (h), the impact of a dismissal upon confidence in the criminal justice system, compels the granting of defendant’s motion to dismiss.
CPL 170.40 (1) provides for a variety of factors which require dismissal of “[a]n information, a simplified traffic information, a prosecutor’s information or a misdemeanor complaint, or any count thereof ... as a matter of judicial discretion” if “some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant upon such accusatory instrument or count would constitute or result in injustice.” (See also CPL 170.30 [1] [g].)
The discretion of the court to dismiss an information in the furtherance of justice is not absolute, nor is it uncontrolled. *648 (See People v O’Grady, 175 Misc 2d 61, 65 [Crim Ct, Bronx County 1997], citing People v Wingard, 33 NY2d 192 [1973].) In fact, this power is to be “employed cautiously and sparingly.” (See People v Eubanks, 114 Misc 2d 1097, 1098 [App Term, 2d Dept 1982].)
On a motion to dismiss in the interest of justice, the burden is on the defendant to establish “some ‘compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant. . . would constitute or result in injustice.’ ” (See People v Boulet, 88 Misc 2d 353, 355 [Rochester City Ct 1976]; People v Verardi, 158 Misc 2d 1039, 1042 [Crim Ct, Kings County 1993].)
When considering the motion, the court need not “engage in a point-by-point catechistic discussion of all 10 [statutory] factors [; i]nstead, the court is required to consider the factors individually and collectively in making a value judgment that is based upon striking a sensitive balance between the interests of the individual and those of the state.” (See People v Gragert, 1 Misc 3d 646, 648 [Crim Ct, NY County 2003] [internal quotation marks and citations omitted].)
There is no substantial difference between the instant case and Graham. Here two unclassified misdemeanors, Vehicle and Traffic Law § 1192 (3) and § 1212, were charged on the original docket. CPL 30.30 (1) (b) provides for a 90-day time period where at least one misdemeanor charge “punishable by a sentence of imprisonment of more than three months” is present on the docket. The time for all “offenses” charged on the same docket begins to run from the “commencement of a criminal action.”
Under People v Cooper (98 NY2d 541, 543 [2002]), “CPL 30.30 time periods are generally calculated based on the most serious offense charged in the accusatory instrument and are measured from the date of commencement of the criminal action.” There is no CPL 30.30 (5) exception which would allow the maintenance of traffic infraction charges after the misdemeanor charges have been dismissed pursuant to CPL 30.30 (1) (b).[1] *649 Therefore, under these circumstances, the People are bound by the 90-day time limitation of the higher charge.* [2]
In asserting that the rules enumerated above do not apply to traffic infractions, even when they appear on the same docket as a misdemeanor, the People cite People v Dorilas (19 Misc 3d 75, 78 [App Term, 2d Dept 2008]). There the court stated that the traffic infraction “charge should not have been dismissed, as CPL 30.30 does not apply to traffic infractions.” (See also People v Thomas, 26 Misc 3d 144[A], 2010 NY Slip Op 50441[U] [App Term, 2d, 11th & 13th Jud Dists 2010].) On the basis of this authority, the People state that these “decisions of the Appellate Term . . . are binding on this Court, and those decisions therefore compel the conclusion that . . . the defendant is not entitled to dismissal of the traffic infraction counts pursuant to CPL Sec. 30.30.” {See People’s response, dated May 16, 2011, at 5-6.)
This court does not dispute the binding authority of the Appellate Term. However, there are issues presented here, as in Graham, which have not been addressed by the appellate courts.
At the outset, this court can find no legal reasoning, no basis, no principle which would lead to the conclusion that the plain language of CPL 30.30 (1) (b) should be ignored. That section provides that the 90-day period applies where a defendant is accused of one or more “offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months.” (Emphasis added.)
Traffic infractions, such as Vehicle and Traffic Law § 1192 (1), are defined in Vehicle and Traffic Law § 155. There a description is found of “any charge of an offense which is a traffic infraction.” (Emphasis added.) Further, CPL 1.20 (39) defines a “Petty offense” as “a violation or a traffic infraction.”[3] Even the People concede that “a traffic infraction is an ‘offense’ *650 within the meaning of CPL Sec. 30.30 (1) (b).” (See People’s response, dated May 16, 2011, at 8 n 2.)[4]
In fact, this is an issue that the lower courts have been struggling with for many years, without clear direction from the appellate courts. When Fisher and Mahmood attempted to impose a 60-day time limitation period upon the prosecution of traffic infractions, this was done out of a proper concern for the due process rights of the defendant. “To hold otherwise would allow the time limitations of the lesser charge to control the entire docket. Due Process will not permit this result.” (Mahmood, 10 Misc 3d at 204.)
The Mahmood decision cites People v Faison (171 Misc 2d 68, 72 [Crim Ct, Bronx County 1996]). There, 15 years ago, the court expressed its concern that to allow the People to maintain traffic infraction charges when the misdemeanor charges have been dismissed would give the People “an infinite period in which to prosecute.” That court based its decision on the reasoning of People v Matute (141 Misc 2d 988 [Crim Ct, Bronx County 1988]). There, eight years before Faison, the court expressed its concerns in language which still resonates today, 23 years later:
“To permit the reduced charges to govern in this context would not limit the People’s allotted preparation time, but would completely remove the prosecution from the requirements of the statute. Such a result would hardly serve the basic purpose of insuring prompt prosecution. It would undermine the defendant’s legitimate expectation, arising at the commencement of the action, of a speedy disposition of the matter. And it would increase the potential for unfair manipulation of the charges to prosecutorial advantage. Finally, the application of CPL 30.30 to actions begun as misdemeanor prosecutions can hardly be said to conflict with any possible legislative attempt to conserve the People’s resources by excluding prosecutions for traffic infractions from its reach. This is especially so where, as here, the matter is treated as a misdemeanor for months.” (141 Misc 2d at 992.)
*651 The People argue that “a defendant would effectively be rewarded with a dismissal of the traffic infractions only because he was also charged with other, more serious offenses.” The People further state that this result is “unreasonable and thus presumably could not have been intended by the Legislature.” (See People’s response, dated May 16, 2011, at 10.) But following the logic of Matute and Faison, if this court followed the rulings in Dorilas and Thomas, it is the People who are rewarded with a vast expansion of their time to prosecute a traffic infraction, when they have failed to timely prosecute a more serious misdemeanor.
Witness the fact that the defendant in Graham had been arrested in September of 2009, and the defendant in the instant matter was arrested in October of 2008.
To date, the appellate courts have not addressed the due process rights of the accused in this context. Thus, until these legitimate and proper concerns, expressed over the course of more than 20 years in Matute, Faison, Fisher, Mahmood, Graham, and now the instant matter, are specifically addressed by the appellate courts, this court will continue to follow the holding of the Court of Appeals in Cooper, and interpret the plain language of CPL 30.30 (1) (b) to provide for the dismissal of all offenses on a docket in which the top count is a misdemeanor, punishable by more than three months’ incarceration.
This is the only result possible if the court is to protect the due process right of a defendant to a speedy trial, while insuring that there is no unfair manipulation of the charges to prosecutorial advantage.
Thus, for the reasons stated above, this entire matter should have been dismissed on September 20, 2010 pursuant to CPL 30.30 (1) (b).
It is within the court’s inherent powers to correct a mistake of law. (See People v Marino, 81 AD3d 426 [1st Dept 2011] [and cases cited therein].) To dismiss the remaining charges on this docket corrects the court’s earlier mistake of law, and can only serve to increase the public’s confidence in the criminal justice system within the meaning of CPL 170.40 (1) (h).
Therefore, this matter is dismissed in the interest of justice. Sealing is stayed for 30 days.
All other arguments advanced by the People and defendant have been reviewed and rejected by this court as being without merit.

. We reiterate the rule stated in Cooper:
“unless an event occurs which triggers the specific contingencies of CPL 30.30 (5), the general rule articulated in CPL 30.30 (1) controls the calculation of the readiness period throughout the criminal action. Under that provision, the readiness time requirement is based on the most serious offense charged in the crimi *649 nal action, measured from the date of filing of the first accusatory instrument.” (98 NY2d at 546.)

. There is no dispute that CPL 30.30 does not apply to a docket consisting solely of traffic infractions from its inception. (See People v Gonzalez, 168 Misc 2d 136 [App Term, 1st Dept 1996], lv denied 88 NY2d 936 [1996]; People v Howell, 158 Misc 2d 653 [Crim Ct, Kings County 1993].)

. While the Practice Commentary to CPL 30.30 indicates a difference between an “offense” and a “petty offense,” no such distinction is made any where else in the statutes or case law of which this court is aware. (See Preiser, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, at 207-208.)

. It should be noted that even though the People concede this point, they do not concede the main thrust of their argument, that the 90-day time period of CPL 30.30 (1) Ob) does not apply to traffic infractions on the same docket as a misdemeanor subject to that provision.