Scileppi, J.
Both above-named defendants were convicted of traffic violations in the Criminal Court of the City of New York. Both appealed their convictions to the Appellate Term, asserting that the convictions should be reversed because in each case the court did not advise the defendant of his right to be represented by counsel, but merely inquired whether the defendant was ready to proceed without counsel. In Kohler’s case, the Appellate Term reversed, one Justice dissenting, on the ground that the defendant in a traffic case must be advised of his right to counsel. In Letterio’s case, the Appellate Term affirmed the conviction, but modified the sentence.
We are here faced with the question whether there is any statutory or constitutional requirement that the defendant charged with a traffic infraction be apprised of his right to counsel and to an assignment of counsel. For the reasons stated below, we hold there is no such requirement.
Much argument is made in the present cases that section 41 of the New York City Criminal Court Act now requires that the provisions of section 308 of the Code of Criminal Procedure be followed in all parts of the Criminal Court of the City of New *311 York. When section 41 was enacted onr decision in People v. Felberbaum (9 N Y 2d 213) was the law in this State. In light of the clear holding in that case that no statute required the then Magistrates’ Court of the City of New York to advise one charged with a traffic infraction of his right to counsel, we cannot be persuaded that the general language of section 41 is the corrective legislation we suggested in Felberbaum (9 N Y 2d 213, 216). In fact, the express purpose of the New York City Criminal Court Act is merely to merge, under one name, all the operations of the erstwhile Court of Special Sessions of the City of New York and the City Magistrates’ Court of the City of New York (Fifth Report of Joint Legislative Committee on Court Reorganization, reprinted in McKinney’s Cons. Laws of N. Y., Book 29A, Judiciary—Court Acts, Pt. 3, pp. 325-326). Thus, we agree with Mr. Justice Schwartzwald (People v. Kohler, 45 Misc 2d 692, 700) that in enacting section 41 of the New York City Criminal Court Act the Legislature did not manifest an intention to overrule Felberbaum. The most recent expression of the Legislature’s views on the right to counsel in traffic cases is in the new article 18-B of the Code of Criminal Procedure (L. 1965, ch. 878) where the Legislature expressly excepts those charged with traffic infractions from the class of those who are to be included under the new statutory scheme for providing counsel to indigent defendants. We conclude that this new statute shows that the Legislature has not departed from the state of the law as it was at the time we decided Felberbaum, and that the court in the City of New York having jurisdiction of traffic infractions is under no statutory duty to inform a defendant of his right to counsel.
Nor do we find any constitutional mandate requiring the court hearing a traffic case to advise the defendant of his right to counsel. While some may say that the right to counsel extends to all crimes, we say that neither our State nor the Federal Constitution requires the court having jurisdiction of a petty offense, like a traffic infraction, so to advise the defendant. Our State constitutional right to counsel (art. I, § 6) is assured by appropriate statutes (e.g., Code Crim. Pro., §§ 188, 308, 699) and, as we have pointed out, these statutes are not con *312 trolling in the cases at bar. The right to counsel as ordained by the Federal Constitution (Gideon v. Wainwright, 372 U. S. 335) has been considered to extend to misdemeanor cases (Harvey v. State of Mississippi, 340 F. 2d 263), but even the Federal courts recognize the possibility of a rule limiting the implementation of the right to counsel in the prosecution of petty offenses (see McDonald v. Moore, 353 F. 2d 106).
There are, historically, certain minor transgressions which admit of summary disposition. New York has long deemed traffic infractions as a form of misconduct distinguishable from more serious breaches of the law or crimes (Penal Law, § 2; Vehicle and Traffic Law, § 155). While not controlling, we believe that this time-honored distinction supports our conclusion that a traffic court need but assure the defendant a fair forum in which to be heard. As a practical matter, the traffic court Judge often sits as prosecutor, defense counsel, and Judge. Neither this triune function, nor the failure of a traffic court Judge to advise the defendant that he may have counsel, is so unfair as to require the result urged by the dissenters.
We point out that the practical result of assigning counsel to defendants in traffic cases would be chaotic. Assigning counsel in but 1% of these millions of eases could require the services of nearly half the attorneys registered in the State. (See Tenth Annual Report of Judicial Conference [N. Y. Legis. Doc., 1965, No. 90], p. 205.)
We find no unfairness in the treatment accorded the defendants herein. Accordingly, in People v. Kohler, the order of the Appellate Term should be reversed and the judgment of conviction affirmed. In People v. Letterio, the judgment of the Appellate Term should be affirmed.