## Commonwealth v. Renner

756

*Edward. M. Bell*, for Commonwealth.
*Michael J. Wherry*, for defendant.

STRANAHAN, J., August 28, 1967.—Defendant has been charged with a violation of section 601 of The Vehicle Code of April 29, 1959, P. L. 58, driving without a license. At a hearing before the justice of the peace, defendant was convicted, and fined $25 and $5 costs. In lieu of paying the fine and costs, defendant posted bond and appealed. This requires the court to hear the matter de novo.

At the hearing before the court, the police officer testified that he investigated an accident in which defendant was involved. When requested to produce a driver's license, defendant produced a valid Texas license. The officer then discovered defendant lived in Grove City, Pa., and inquired of defendant: "How long have you lived in Grove City?" To this, defendant replied: "Since last October". This answer, coupled with the fact that defendant had Pennsylvania license plates on his car, caused the officer to file an information against defendant charging him with a violation of section 601, 75 PS §601.

Defendant objected, at the time of hearing, to the officer's testimony concerning defendant's answer to his

question. The basis of the objection is that defendant was not advised of his constitutional rights to remain silent, have counsel, etc., at this time.

We, therefore, have a narrow issue before us. That issue is: Must the Miranda warnings be given in a motor vehicle violation case?

It is no secret that the judiciary has received the ruling of the Supreme Court in Miranda and Escobedo with mixed emotions. While the principles announced in these landmark cases are praiseworthy, the problem of practical application at the trial level has caused great concern to those who are saddled with that responsibility.

The first inclination was to separate felonies and misdemeanors and to apply the Miranda and Escobedo rules only to felony cases. This was an illogical distinction, for it was somewhat difficult to convince a prisoner who received a one to two year year sentence for a misdemeanor that his crime was not a serious enough offense to warrant the protections that a felon occupying the next cell in the same prison was obligated to receive. Harvey v. State of Mississippi, 340 F. 2d 263 (1965), ended this distinction between felonies and misdemeanors. This case held that one accused of crime has the right to the assistance of counsel before entering a plea to a misdemeanor. The law now seems to be that an accused's rights, under the fifth and sixth amendments, are preserved in a State case in which the accused has been charged with a misdemeanor.

The question now remaining is whether we are to redraw the line by placing it somewhere else; or are we to take the position that all cases of a criminal nature fall into the same category?

It is noteworthy to consider that the Pennsylvania Rules of Criminal Procedure exclude "summary offenses arising under The Vehicle Code of 1959 as

amended".[1]

We hold that summary offenses arising under The Vehicle Code should be excluded from the Miranda rules.

There are a number of reasons for this, but by far the most compelling one is that of practicality. As pointed out in People v. Letterio, 16 N. Y. 2d 307, 213 N. E. 2d 670:

"We point out that the practical result of assigning counsel to defendants in traffic cases would be chaotic. Assigning counsel in but 1% of these millions of cases could require the services of nearly half the attorneys registered in the [New York] State".

Since The Vehicle Code provides for only a moderate fine, we do not believe that there is a need for the type of protections discussed in Miranda and Escobedo. Historically, the safeguards of the fourth, fifth and sixth amendments have dealt with persons oppressed or harassed by prison sentences rather than $25 fines. In short, the distinction between driving without an operator's license on the one hand, and murder, rape, robbery and kidnapping on the other is a vast difference. It is certainly not the intention of the Supreme Court to require that a motor vehicle case be handled like a murder case. It is true that Schmerber v. California, 384 U. S. 757, 86 S. Ct. 1836, and the In re Gault, —— S. Ct. ——, involved matters of a minor nature, yet the fact remains that both of these cases involved matters of a substantially serious nature compared to the motor vehicle violation involved in this case.

In Miranda, the court said:

". . . the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it dem-

---

. [1] Rule 1 provides that the rules shall not apply to juvenile and domestic relations proceedings in courts of record, nor to summary offenses arising under The Vehicle Code of 1959, as amended.

onstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way": 384 U. S. 436, 444, 86 S. Ct. at page 1612.

Was defendant Renner undergoing "custodial interrogation" so as to bring him under the Miranda rule? He was not under arrest, in custody, or otherwise deprived of his freedom by the police officer when he made the admission.[2] We hold that there must be some restraint of the accused by the officer before the privilege against self-incrimination applies. There was no restraint here.

Are violations of The Vehicle Code really crimes or are they "quasi-crimes"? While there are fines and occasionally jail terms imposed for failure to pay the fines, the violator is not considered in our society as a criminal. If every person who got a speeding ticket or a parking ticket fell into the criminal category, some of our leading citizens might be somewhat embarassed. In People v. Letterio, supra, page 313, the court said:

"The penalty is something in the nature of a community sanction or civil penalty but it is not in any respect punishment for a crime".

Finally, we agree with the language of State v. Zucconi, 93 N. J. Super. 380, 391, 226 A. 2d 16, 23:

"The United States Supreme Court occasionally has given consideration to the practical, even in the field of constitutional rights . . . It is, of course, fully aware of the problems which would be entailed if Miranda were applied willy-nilly to all minor offenses.

---

[2] The evidence indicates that the officer was making a routine investigation of a two-car accident. There is no indication that defendant was under any restraint of any type.

And it seems to us that the police practices described in Miranda as reasons for the adoption of the rules therein laid down have no pertinence to motor vehicle and similar minor cases".

We, therefore, hold that the safeguards of warning against self-incrimination and advising of the right to counsel do not apply to summary offenses appearing in The Vehicle Code where the penalty for violation is only a fine.

Based on this ruling, we must find defendant guilty.

### ORDER

And now, August 28, 1967, defendant is guilty, and a fine in the sum of $25, plus costs, is imposed.