OPINION OF THE COURT
Ascher Katz, J.
On October 25, 1989, at about 7:00 p.m. defendant was arrested while traveling with her three minor children as passengers in the rear seat of a Volkswagen van on the New York State Thruway. An adult male driver and an adult male passenger, in the front seat, were arrested at the same time.
Defendant was charged with the class A felony of criminal *765 possession of a controlled substance of about 120 grams of cocaine and three misdemeanor charges, namely, possession of a controlled substance (consisting of a small quantity of cocaine in a $1 bill), criminally using drug paraphernalia (consisting of two containers of lactose and a sifter) and endangering the welfare of her three children in knowingly acting in a manner likely to be injurious to the welfare of the children.*
All defendants were initially arraigned on October 26, 1989 in the Tarrytown Village Court for action by the Greenburgh Town Court on October 27, 1989. On October 27, 1989, defendant and codefendants were rearraigned in this court. The Legal Aid Society was assigned to the defense of the defendant. The defendant was held without bail on the felony charge for lack of local court jurisdiction to fix bail on a class A felony, and $1,000 secured bond or cash bail was fixed to cover the misdemeanor charges.
At the arraignment, the attorney for the Legal Aid Society accepted the assignment on the felony charge but requested that counsel be assigned for the misdemeanor charge. In making the request counsel said that the contract of the Legal Aid Society did not cover misdemeanor charges. The contract was not submitted, nor any details given with regard to same.
During recent months when the Legal Aid Society has been assigned to defend an indigent defendant on felony charges, it has requested that other counsel be assigned to represent the same defendant on concurrent misdemeanor charges. While the court has acceded to such requests in the past, it now refuses to do so for the reasons set forth herein.
To assign two lawyers to the same defendant would result in an inefficient use of limited legal manpower through duplication of effort and at times would create confusion and possible error. Were the matter to proceed to trial on the county level, it must be presumed that the presiding Judge would not allow two attorneys to plead the case for one defendant. In numerous cases, felony charges result in misdemeanor dispositions in the local court; the Legal Aid attorney *766 representing a defendant in such instance is well equipped to represent the defendant on all charges.
It has long been held that a defendant has the constitutional right to be represented by counsel under the US Constitution. (Gideon v Wainwright, 372 US 335; Coleman v Alabama, 399 US 1; Powell v Alabama, 287 US 45.) In New York the right is recognized constitutionally (NY Const, art I, § 6) and by statute (CPL 170.10, 180.10, 210.15). The right to counsel attaches once the criminal action has been commenced with the filing of the accusatory instrument. (People v Samuels, 49 NY2d 218.) An indigent defendant’s right to assigned counsel has been held to apply in all cases except traffic infractions. (People v Letterio, 16 NY2d 307.) However, a defendant who requests assigned counsel may not be imprisoned if that right has been denied (Scott v Illinois, 440 US 367; Argersinger v Hamlin, 407 US 25). And in traffic violations, where the defendant is subject to possible imprisonment the defendant must be advised of his right to counsel and have counsel assigned where defendant is financially unable to retain counsel. (People v Weinstock, 80 Misc 2d 510.)
The right to counsel, while constitutionally required, is subject to court regulation. (La Rocca v Lane, 47 AD2d 243, affd 37 NY2d 575, cert denied 424 US 968.) The right to counsel does not give a defendant unrestricted control; a request to change counsel which appeared to be made for delay just prior to trial was properly denied. (People v Medina, 44 NY2d 199.)
Section 717 of the County Law requires the Public Defender to represent without charge an indigent defendant charged with a crime defined in section 772-a of the County Law. The Public Defender is to counsel and represent the defendant at every stage in the proceedings following arrest and shall initiate such proceedings as in his judgment are necessary to protect his rights.
Section 722-a of the County Law defines a crime as "a felony, misdemeanor, or the breach of any law of this state or of any law, local law or ordinance of a political subdivision of this state, other than one that defines a 'traffic infraction,’ for which a sentence to a term of imprisonment is authorized upon conviction thereof.”
Section 718 of the County Law allows the court to appoint other counsel. This appears to be necessary when more than one defendant is charged with a felony arising out of the same *767 transaction to prevent a conflict of interest or where representing a client might result in a conflict of interest with other clients being handled by the Public Defender.
The Legal Aid Society is not the Public Defender. It apparently functions under a tripartite contract among Westchester County, the Westchester County Bar Association and the Legal Aid Society. Whether sections 717, 718 and 722-a of the County Law are specifically applicable to the Legal Aid Society is not necessary to determine. These sections provide some measure of guidance.
Professionally conducted lawyers’ adversarial interaction should lead to the proper administration of justice. Ideally, counsel for both sides would evaluate their respective clients’ positions and arrive at a reasonable compromise with the approval of the court. Where accommodation is not possible, the adversarial trial becomes the search for truth. In this process a Legal Aid Society or a Public Defender performs an indispensable role.
The Legal Aid Society’s contractual arrangement was never placed before the court. If the contractual arrangement requires change for the proper administration of justice, this is a matter to be dealt with at the executive or legislative level. Local judicial inquiry appears to be inappropriate at this juncture.
When the right to counsel attaches, "The duty of the trial court to appoint counsel * * * is clear * * * and its power to do so, even in the absence of a statute, can not be questioned. Attorneys are officers of the court, and are bound to render service when required by such an appointment.” (Powell v Alabama, 287 US 45, 73, supra.)
Counsel employed by the Legal Aid Society are subject to all rules that any other attorney is subject to. In the exercise of discretion and in discharge of the duty and inherent power of the court to appoint counsel, counsel employed by the Legal Aid Society are directed to represent the defendant on all charges and to initiate and conduct all proceedings as may be necessary for the protection of the defendant’s rights.

 The charges alleged in the felony complaint and in the misdemeanor informations are: (1) criminal possession of a controlled substance in the first degree in violation of Penal Law § 220.21 (class A-l felony), (2) possession of a controlled substance in the seventh degree in violation of Penal Law § 220.03 (class A misdemeanor), (3) criminally using drug paraphernalia in the second degree in violation of Penal Law § 220.50 (class A misdemeanor), and (4) endangering the welfare of a child in violation of Penal Law § 260.10 (class A misdemeanor).