OPINION OF THE COURT
Memorandum.
Judgments of conviction unanimously reversed, on the law and as a matter of discretion in the interest of justice, and matter remanded to the court below for a new trial.
Inasmuch as the defendant in the case at bar was charged with at least one traffic infraction subjecting him to the possibility of imprisonment if convicted (see Vehicle and Traffic Law § 1180 [h] [2]), the lower court was required to advise him prior to trial of his right to counsel (see People v Weinstock, 80 Misc 2d 510 [App Term, 9th & 10th Jud Dists 1974]) as well as his right, inter alla, to an adjournment to obtain counsel (CPL 170.10 [3], [4]; People v Rabadi, NYLJ, Oct. 8, 1996, at 29, col 6 [App Term, 9th & 10th Jud Dists]; People v Johnson, NYLJ, July 15, 1996, at 25, col 5 [App Term, 9th & 10th Jud Dists]; People v Ashrat, NYLJ, Feb. 26, 1996, at 35, col 3 [App Term, 2d & 11th Jud Dists]). The uniform traffic tickets issued to defendant in the case at bar did not contain a statement advising defendant of the aforementioned rights (see CPL 170.10 [5]). The People contend that defendant was advised of these rights by *3 letter dated September 26, 2002 which stated in pertinent part: “If you plan to be represented by an attorney he or she should accompany you and be ready for trial as scheduled. Requests for an adjournment should be written and sent to the Judge for consideration.” Regardless of whether this letter was sufficient to advise defendant of his right to counsel and right to an adjournment to obtain counsel, inasmuch as the defendant appeared without counsel, the court was required to inform defendant of said rights and “that he may exercise such rights at any stage of the action” (CPL 170.10 [6]). Furthermore, “the court must not only accord him opportunity to exercise such rights but must itself take such affirmative action as is necessary to effectuate them” (CPL 170.10 [4] [a]). In light of the foregoing, the judgments of conviction are reversed and the matter is remanded to the court below for all further proceedings.
We pass on no other issues.
Rudolph, PJ., Angiolillo and Covello, JJ., concur.