OPINION OF THE COURT
Curtis J. Farber, J.
On July 26, 2010, the defendant, Teresa Perkins, was arraigned upon a misdemeanor information charging that on July 25, 2010, at approximately 5:10 a.m. at Columbia Street and Kane Street, in the County of Kings, the defendant committed six offenses: driving while intoxicated (Vehicle and Traffic Law § 1192 [3]); driving while ability impaired (Vehicle and Traffic Law § 1192 [1]); resisting arrest (Penal Law § 205.30); unlawful fleeing a police officer in a motor vehicle in the third degree (Penal Law § 270.25); reckless driving (Vehicle and Traffic Law § 1212); and driving at an excessive speed (Vehicle and Traffic Law § 1180 [a]).
By decision and order dated March 22, 2012, the Honorable Michael Gerstein, pursuant to CPL 30.30 (1) (b), dismissed the four misdemeanor charges. Judge Gerstein found the People had violated defendant’s statutory speedy trial rights by their failure to be ready for trial within 90 days of the commencement of the criminal action. Specifically, Judge Gerstein charged the People with 120 days of includable time. At the time of his decision, Judge Gerstein declined to dismiss the remaining traffic infraction charges in the interest of justice (CPL 170.40).
By notice of motion and memorandum of law dated July 24, 2012, defendant now moves for dismissal of the two remaining charges, Vehicle and Traffic Law §§ 1180 (a) and 1192 (1), both traffic infractions, upon the ground that her constitutional right to a speedy trial has been violated (US Const 6th, 14th Amends; CPL 30.20, 170.30 [1] [e]). By responding affirmation and memorandum of law dated August 6, 2012, the People oppose defendant’s dismissal motion.
Discussion
A defendant charged with traffic infractions, as with any other offense, has a constitutional right to a speedy trial (US Const 6th, 14th Amends; CPL 30.20; People v Taylor, 189 Misc 2d 313 [App Term, 2d Dept 2001]).
In People v Taranovich (37 NY2d 442, 445 [1975]), the Court of Appeals identified five factors to be considered in determin *698 ing whether a defendant’s constitutional right to a speedy trial has been violated. Those factors are: (1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay. Taranovich instructs the trial court to “engage in a sensitive weighing process of the diversified factors present in the particular case,” while noting that “no one factor or combination of the factors ... is necessarily decisive or determinative of the speedy trial claim, but rather the particular case must be considered in light of all the factors as they apply to it” (id.). Taranovich further instructs that where the “delay is great enough there need be neither proof nor fact of prejudice to the defendant” (id. at 447).
Having reviewed the specific circumstances of this case in light of the Taranovich factors, this court finds defendant’s constitutional right to a speedy trial has been violated.
1. The Extent of the Delay
The defendant was arraigned on a misdemeanor information on July 26, 2010. Subsequent to her arraignment, the defendant appeared in court at 25 calendar calls, on each occasion traveling to New York from her home in North Carolina. On July 14, 2012, the date when the case was adjourned for this court’s decision, the action had been pending just days short of two years. Commencing on March 16, 2011, the case was adjourned repeatedly for trial. Since that date, the People answered not ready for trial on 10 separate occasions. Such repeated failure to be ready for trial over an extended period of time may, in and of itself, warrant dismissal (see People v Cruz, Crim Ct, Kings County, May 9, 2009, Zaro, J., 2007KN0022504 [failure to be ready for trial on 10 occasions over a 24-month period warranted CPL 30.20 dismissal of traffic infractions]).
2. The Reason for the Delay
At the time of the issuance of Judge Gerstein’s CPL 30.30 (1) (b) decision on March 22, 2012, 120 days were chargeable to the People for statutory speedy trial purposes. The reasons for the People’s non-readiness on several court dates do not appear in the court file or the parties’ submissions. Where it is noted, however, some of the time periods charged to the People are attributable to: the People not having their file in court; the Assistant District Attorney being on trial on another matter; the Assistant District Attorney being unavailable while in training; *699 and on two occasions reassignment of the case to a new Assistant District Attorney. The lack of adequate staffing in the District Attorney’s Office, while not as serious a factor as intentional efforts to hinder a prosecution, remains a legitimate factor to consider in assessing whether a defendant’s right to a speedy trial has been violated (see People v Johnson, 38 NY2d 271, 279 [1975]).
3. The Nature of the Underlying Charge
In determining whether defendant’s constitutional right to a speedy disposition of the charges has been violated, a court must consider the nature of the charges. In this case, the sole remaining charges on the docket are two traffic infractions, driving while ability impaired (Vehicle and Traffic Law § 1192 [1]) and driving at an excessive speed (Vehicle and Traffic Law § 1180 [a]).
Under our law, traffic infractions, along with violation offenses, are the least serious classification of charges. Both traffic infractions and violations are designated as “petty offenses” (CPL 1.20 [39]). Vehicle and Traffic Law § 1192 (1), a traffic infraction, like violations, is punishable by up to 15 days in jail (Penal Law § 70.15 [4]; Vehicle and Traffic Law § 1193 [1] [a]).
Pursuant to CPL 30.30 (1) (d), violations must be brought to trial within 30 days of the commencement of a criminal action if there are no more serious offenses in the accusatory instrument. However, when a defendant is charged solely with traffic infractions, the provisions of CPL 30.30 (1) (d) do not apply to the criminal action (People v Gordon, 2 Misc 3d 134[A], 2004 NY Slip Op 50190[U] [App Term, 2d Dept 2004], lv denied 3 NY3d 674 [2004]). CPL 30.30 (1) (d) states that the charges must be dismissed where the People are not ready for trial within “thirty days of the commencement of a criminal action wherein the defendant is accused of one or more offenses, at least one of which is a violation and none of which is a crime” (emphasis added). The failure to include a statutory speedy trial requirement for traffic infractions appears to be a legislative oversight (see People v Heller, NYLJ, Apr. 14, 2000 at 33, col 5 [Crim Ct, Richmond County, Garnett, J.] [suggesting that “(t)he Legislature should address this apparent statutory oversight by providing a period in which the prosecution must announce trial readiness in Driving While Impaired cases. . . . However, with no statutory limit in CPL § 30.30, these cases remain unresolved until the delay becomes so egregious, as in this case, that a court will grant dismissal under other statutory and constitutional provisions”]).
*700 The minor nature of traffic infraction charges is further exemplified by the Court of Appeals decision in People v Letterio (16 NY2d 307 [1965]). In Letterio, the Court distinguished traffic infractions from more serious offenses in finding that no constitutional or statutory duty exists to advise defendants charged solely with traffic infractions of the right to counsel. Letterio reasoned that “[tjhere are, historically, certain minor transgressions which admit of summary disposition. New York has long deemed traffic infractions as a form of misconduct distinguishable from more serious breaches of the law or crimes” (id. at 312). Thus, the Court of Appeals set forth the longstanding expectation that traffic infractions would be disposed of in the briefest of time frames.
Here, however, this defendant, facing the least serious level of offense, continues to await trial two years after the date of her arrest. Even after the dismissal of the misdemeanor charges on March 22, 2012, the People were not ready on four dates when this case was scheduled for trial. Were this court conducting a statutory speedy trial analysis, the People would be chargeable with 37 days solely for their delay of the proceedings subsequent to the dismissal of the misdemeanor charges. Moreover, the defendant’s driving privileges were suspended upon the commencement of the criminal action, despite the fact that the defendant now faces only a 90-day suspension of her driving privileges upon a conviction. One court, in noting this disparity, deemed a continuing prosecution with a potential further suspension “a classic example of overkill” (People v Persaud, 21 Misc 3d 522, 526 [Crim Ct, Kings County 2008]).
Vehicle and Traffic Law § 155, in defining traffic infractions, further demonstrates the minor nature of the pending charges. Vehicle and Traffic Law § 155 states, in relevant part, that “[a] traffic infraction is not a crime and the punishment imposed therefor shall not be deemed for any purpose a penal or criminal punishment and shall not affect or impair the credibility as a witness or otherwise of any person convicted thereof.”
Other courts, when conducting a Taranovich analysis, have considered the anomaly created by CPL 30.30 (l)’s failure to specify traffic infractions. As a consequence, courts have considered the fact that the People have exceeded the statutory time to bring to trial a misdemeanor driving while intoxicated charge as a significant factor in a Taranovich analysis of a Vehicle and Traffic Law § 1192 (1) offense (see People v Mahon, 15 Misc 3d 1121[A], 2007 NY Slip Op 50796[U], *2 [Nassau Dist Ct *701 2007] [“it is inconceivable that the People would need more time to prepare a VT.L. § 1192.1 case, than a VT.L. § 1192.2 case”]; see also People v Heller, NYLJ, Apr. 14, 2000 at 33, col 5).
Further, recent decisions have come to the conclusion that traffic infractions which are initially part of an accusatory instrument charging misdemeanors remain governed by the provisions of CPL 30.30 (1) (b) or (c) when the misdemeanor charges are subsequently dismissed (see People v Ashley, 32 Misc 3d 644 [Crim Ct, Kings County 2011]; People v Graham, 31 Misc 3d 720 [Crim Ct, Kings County 2011]; cf. People v Thomas, 26 Misc 3d 144[A], 2010 NY Slip Op 50441[U] [App Term, 2d Dept 2010]; People v Polite, 16 Misc 3d 18 [App Term, 1st Dept 2007], lv denied 9 NY3d 849 [2007]; People v Gonzalez, 168 Misc 2d 136 [App Term, 1st Dept 1996], lv denied 88 NY2d 936 [1996]). While acknowledging that traffic infraction charges standing alone are not covered by the express provisions of CPL 30.30 (1) (d), it has been argued that once an offense is subject to the provisions of CPL 30.30 (1), it cannot lose its statutory speedy trial protection unless authorized by another provision of the law. Support for this proposition can be found in People v Cooper (98 NY2d 541 [2002]). Therein, the Court of Appeals observed that the CPL 30.30 (1) time period for all offenses charged in an accusatory instrument is controlled by, and always remains controlled by, the time period applicable when the action is commenced, unless governed by one of the exceptions set forth in CPL 30.30 (5). Thus, any lesser offenses within the accusatory instrument, including traffic infractions, remain subject to the time period for readiness that existed upon the commencement of the criminal action.*
*702 Cooper (98 NY2d at 543-544), in explaining the applicability of the initial speedy trial period to all subsequent proceedings relating to charged offenses, states:
“CPL 30.30 time periods are generally calculated based on the most serious offense charged in the accusatory instrument and are measured from the date of commencement of the criminal action {see CPL 30.30 [1]). Under CPL 30.30 (1), the People have six months to announce readiness in a felony prosecution, 90 days when the most serious offense is a class A misdemeanor, 60 days for most other misdemeanors and 30 days when the most serious offense charged in the criminal action is a violation. The term ‘criminal action’ is defined to include ‘the filing of all further accusatory instruments directly derived from the initial one, and all proceedings, orders and motions conducted or made by a criminal court in the course of disposing of any such accusatory instrument’ (CPL 1.20 [16]). Such an action is commenced upon the filing of the first accusatory instrument (CPL 1.20 [17]; 100.05). Accordingly, each criminal action generally has only one date of commencement for purposes of the CPL 30.30 readiness rule, regardless of how many times the accusatory instrument is amended or replaced. “However, CPL 30.30 (5) lists specific situations which require a deviation from the general rule and effectively alters the date a criminal action is deemed to have commenced for purposes of applying the CPL 30.30 (1) time frames” (emphasis added).
The court in Ashley, relying on Cooper, found that a traffic infraction which is part of an accusatory instrument charging a misdemeanor is governed by the same statutory time period for speedy trial purposes as the related misdemeanor. Because there is no provision within CPL 30.30 (5) for a change in the statutory speedy trial period for a misdemeanor complaint or information upon the dismissal of the misdemeanor charges, the court in Ashley reasoned that any lesser offenses contained within the accusatory instrument, including traffic infractions, remain subject to the time period for readiness that existed upon the commencement of the criminal action.
This court need not resolve the questions raised between Ashley and Graham and the Appellate Terms’ decisions, as the CPL *703 30.30 (1) motion is not before me. However, the statutory speedy trial period initially applicable to the accusatory instrument as a whole, as well as the amount of statutory speedy trial time chargeable to the People on the docket, remains a valid factor for the court’s consideration when determining whether the defendant’s constitutional right to a speedy trial has been violated.
In this case, the People were previously found to be responsible for 120 days of delay under the statutory speedy trial statute. However, this number does not reflect the complete history. The delay in scheduling the trial was far greater, as the adjournments granted were longer than the time actually requested by the People due to court congestion. Additionally, after the CPL 30.30 (1) (b) dismissal, the People were not ready for trial on four out of six scheduled trial dates. As noted above, this delay would have resulted in additional chargeable time of 37 days under CPL 30.30, for a total of 157 chargeable days. Recognizing that traffic infractions, more than any other kind of offense, are expected to be disposed of summarily, it can hardly be said that this two-year prosecution, with over 25 court appearances, constitutes a summary proceeding (People v Letterio, 16 NY2d 307, 312 [1965], supra).
In deciding defendant’s constitutional claim, this court is aware of the need to foster both respect for, as well as public confidence in, our legal system. To do so, it is important that our courts interpret the law in a manner which is just, non-arbitrary and balanced. A prosecution in which all misdemeanor charges have been dismissed for failure to bring the case to trial in a timely manner, while lesser, non-criminal offenses remain pending, potentially without limitation, does not foster these important objectives. Thus, while the provisions of CPL 30.30 are not directly applicable to this motion, this court finds the rationale underlying the statutory speedy trial provisions is a proper consideration when ruling on a constitutional speedy trial claim involving traffic infractions (see People v Johnson, 38 NY2d 271, 278 n 3 [1975], supra [“we note . . . that the right to a speedy trial does not depend entirely on CPL 30.30 but rests on a broader base (US Const, 6th Arndt; Civil Rights Law, § 12; CPL 30.20)”]).
Although this court by no means views the allegations that the defendant drove her vehicle over the speed limit while impaired by alcohol as a trivial matter, it bears noting that there are no allegations that an accident occurred or that anyone *704 was injured by the defendant’s conduct. Additionally, this 65-year-old defendant has no prior history of driving while intoxicated or impaired.
4. Whether or Not There Has Been an Extended Period of Pretrial Incarceration
As noted by the parties, the defendant was released from custody upon her arraignment, and, thus, pretrial incarceration is not a factor in the court’s analysis.
5. Whether or Not There is Any Indication That the Defense Has Been Impaired by Reason of the Delay
Defendant contends that the passage of time has impaired her memory as well as that of her potential witnesses. The People argue that this allegation is too general to demonstrate prejudice. However, as noted by the Court of Appeals, while prejudice to the defendant is a potential factor for the court to consider, where the delay is great enough, there is no requirement for the defendant to demonstrate any actual prejudice (People v Taranovich, 37 NY2d at 447; see also People v Heller, NYLJ, Apr. 14, 2000 at 33, col 5).
Conclusion
In this case, the extent of the delay has been substantial. Although the more serious misdemeanor charges have been dismissed, the traffic infractions remain pending more than two years after the commencement of the action. The majority of the delay in bringing the case to trial is attributable to the People, who have failed to be ready on 10 scheduled trial dates. In the interim, the defendant has appeared in court on 25 occasions. The defendant’s driving privileges have been suspended since the commencement of the action, although she faces only a 90-day suspension of her driving privileges upon a conviction. Finally, the continued prosecution of this case stands in direct conflict with the expectation that traffic infractions, designated by law as petty offenses, be disposed of in a summary fashion.
Accordingly, defendant’s motion to dismiss the remaining counts on the docket, for violation of her constitutional right to a speedy trial, is hereby granted in all respects (US Const 6th, 14th Amends; CPL 30.20).

 Under this analysis, traffic infractions, as offenses, expressly come within the provisions of CPL 30.30 (1) (b) or (c) if they are charged in the same accusatory instrument as a misdemeanor. CPL 30.30 (1) (b) requires the People to be ready for trial within “ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony.” Similarly, CPL 30.30 (1) (c) states the People must be ready for trial within
“sixty days of the commencement of a criminal action wherein the defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of not more than three months and none of which is a crime punishable by a sentence of imprisonment of more than three months.”