People v Lakin (2025 NY Slip Op 50885(U))

[*1]

People v Lakin

2025 NY Slip Op 50885(U)

Decided on May 30, 2025

Justice Court Of The Town Of Deerpark, Orange County

Worden, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 30, 2025
Justice Court of the Town of Deerpark, Orange County

The People of the State of New York

against
Joel Lakin, Defendant

UTT No. LF6537016

For the People:
John E. Bach, Esq.
Town of Deerpark Special Prosecutor
420 Route 209
Huguenot, New York 12746
For the Defendant:
Brittany A. Kessler, Esq.
Kessler Law Solutions, LLC
PO Box 226
New Hampton, New York 10958

Michael J. Worden, J.

The following papers were read and considered by the Court in deciding this motion:
Papers Numbered
Notice of Motion 1
Affirmation in Support 2
Affidavit of Defendant in Support 3
Proposed Order 4
Affirmation in Opposition 5
Procedural History
Defendant moves this Court to vacate a guilty plea entered on or about July 18, 2000, in the Deerpark Town Court, to a violation of Vehicle and Traffic Law §1180(b) (speeding). Defendant contends, inter alia, that he is unable to obtain a driver's license in the State of Texas due to a purportedly "irreparably damaged" lifetime driving record. Defendant further avers that had he been aware of any consequences beyond the imposition of a fine and surcharge, he would not have entered a guilty plea.
Findings of Fact
Defendant was issued a Simplified Traffic Information on or about June 8, 2000, for speeding, 64 mph in a 55 mph zone, in violation of §1180(b) of the New York State Vehicle and Traffic Law. Defendant subsequently pled guilty on or about July 18, 2000, to the charge by mail and was fined $70.00 with a $35.00 surcharge. Defendant now seeks post-conviction relief by way of writ of coram nobis.
Analysis and Conclusions of Law
Defense Counsel's Affirmation fails to articulate with specificity the basis for the Defendant's inability to obtain a driver's license in New York. Consequently, this Court is unable to ascertain the precise nexus between the subject conviction and any licensing impediment in New York or how that impacts his ability to obtain licensure in the State of Texas.
While the Court is unable to reconcile the nexus between the speeding conviction and the Defendant's ability to obtain a driver's license, it shall address additional claims advanced in support of the application. In particular, Defendant's assertion that he entered the guilty plea without the benefit of counsel and knowledge of consequences beyond the statutory fine and surcharge.
This Court has addressed similar claims in People v. Beltran, 77 Misc 3d 1091, 1093, 180 N.Y.S.3d 859, 861 (NY Just. Ct. 2022). In Beltran, the Court noted that the Vehicle and Traffic Law mandates that before accepting a plea, a local criminal court must inform a defendant:
A plea of guilty to this charge is equivalent to a conviction after trial. If you are convicted, not only will you be liable to a penalty, but in addition your license to drive a motor vehicle or motor cycle, and your certificate of registration, if any, are subject to suspension and revocation as prescribed by law.
The giving of the foregoing instructions by means of a statement printed in a noticeably distinct manner and in bold type in a size equal to at least twelve point type, upon a summons or ticket issued to a person charged with any such offense shall constitute compliance with the requirements of this section. NY CLS Veh & Tr § 1807. People v. Beltran, 77 Misc 3d 1091, 1100, 180 N.Y.S.3d 859, 866 (NY Just. Ct. 2022).
There is no evidence before the Court to suggest that the Simplified Traffic Information issued in 2000 lacked such a warning. Further, this Court in Beltran, held that "[the Court is] not required to inform the defendant of any and all possible collateral consequences of his guilty plea." People v. Beltran, 77 Misc 3d 1091, 1100, 180 N.Y.S.3d 859, 866 (NY Just. Ct. 2022).
Defense Counsel's Affirmation concedes that the Defendant was aware a guilty plea would result in the imposition of a fine and surcharge, and the Court concludes that the Defendant's 2000 plea was entered into knowingly and voluntarily.
Misapplication of Rios
Finally, the Court addresses the claim that the Defendant was entitled to the assistance of counsel, citing People v. Rios, 9 Misc 3d 1, 801 N.Y.S.2d 113 (App. Term 2005). This Court finds the application of Rios to the present fact pattern to be problematic. In Rios, the Supreme Court, Appellate Term, New York, 9th and 10th Judicial Districts, held that the lower Court was required to advise a Defendant charged with at least one Simplified Information where [*2]imprisonment is a possible sentence of the Defendant's right to counsel before trial. People v. Rios, 9 Misc 3d 1, 2, 801 N.Y.S.2d 113, 113 (App. Term 2005).
Courts have previously ruled that there is no statutory or constitutional requirement that a defendant charged with a traffic infraction be apprised of his right to counsel and to an assignment of counsel, People v. Letterio, 16 NY2d 307, 213 N.E.2d 670 (1965), People v. Mavroudis, 82 Misc 3d 428, 205 N.Y.S.3d 699 (NY Sup. Ct. 2023). Contrarily, Defense argues that the holdings in Rios entitled the Defendant to the assistance of counsel, and since the Defendant in the present matter was not informed of his right to counsel, the 2000 traffic conviction should be vacated.
The Court has already stated that it finds the application of Rios under the present fact pattern to be problematic. Specifically, if the Court were to concur with the Defendant's interpretation of Rios, it would fundamentally render the majority of traffic infractions previously adjudicated by mail in the lower trial courts, such as Town Courts, subject to dismissal upon application. Under Defendant's interpretation, prior defendants, at a minimum, would have been entitled to have been informed by the Court that they had a right to counsel, and absent that advisement, any conviction would be subject to dismissal. In essence, the Defense's argument opens a legal Pandora's Box, which delegitimizes an essential function of the lower trial courts, that being adjudicating vehicle and traffic infractions, by implying that past defendants were deprived of the right to counsel.
Defense's interpretation of Rios exceeds the decision by the appellate court. In Rios, the Court ruled that the Court must advise a Defendant that they are entitled to be represented by an attorney before trial. People v. Rios, 9 Misc 3d 1, 2, 801 N.Y.S.2d 113, 113 (App. Term 2005). Thus, Rios narrowly applies to instances where a Defendant opts to proceed to a bench trial on a vehicle and traffic matter and the Court is only obligated to inform the Defendant of their right to be represented by counsel if the Defendant has opted for a trial on a traffic infraction. Rios supra.
The Court finds the other issues raised for the relief sought to be without merit.
Based on the foregoing, it is hereby,
ORDERED that the Defendant's motion to vacate his 2000 conviction is DENIED in all respects.
This constitutes the Decision and Order of this Court.
Dated: May 30, 2025
Hon. Michael J. Worden
Town Justice